### 7132

## MAYRANT v. CITY OF COLUMBIA.

1. EVIDENCE—DAMAGES—CITIES AND TOWNS—HARMLESS ERROR.—In an action against a city for negligence in the construction of its drains and streets so that the water was collected and stood on plaintiff's lot, rendering it damp and unhealthy, admisssion of cost of filling in the lot above the level of the streets was error, but not material in this case.

2. IBID.—IBID.—Evidence may be admitted in support of any item of damage alleged in the complaint and permitted to remain in it.

3. CHARGE—IBID.—Error in admitting evidence tending to show consequential damage is cured by instruction that measure of damage is the actual damage to the property and not consequential damages.

4. IBID.—IBID.—CITIES AND TOWNS—NEGLIGENCE.—Although the first part of the charge is open to the objection that the defendant would not be liable for overflowing lands of plaintiff by collecting water there without the further instruction that there would be no liability unless the injury was due to defendant's negligence or mismanagement, this defect was fully covered in the latter part of the charge.

5. CITIES AND TOWNS—DAMAGES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—A city is not liable for negligently flooding lands if the injured party has contributed to or in any way brought about the injury by negligent action or nonaction on his part.

6. IBID.—IBID.—SET OFF.—A city cannot set off against its liability for negligently flooding lands an increase in the market value of property due to the general advance in real estate values.

7. DAMAGES—NEW TRIAL.—VERDICT in this case is not capricious, but based on estimates of witnesses.

8. IBID.—NUISANCE—INDICTMENT.—That some neighbors of plaintiff suffered injury from flooding their lots as plaintiff did does not show that the community at large suffered any damage or was in any wise concerned in the matter.

Before GEORGE JOHNSTONE, special Judge, Richland, November term, 1907.   Affirmed.

Action by Mary G. Mayrant against City of Columbia. From judgment for plaintiff, defendant appeals.

*Messrs. Green & Green,* for appellant, cite: *Measure of damages is not cost of filling in lot:* 38 S. C., 289; Harp.

18—82

L., 276; 51 S. C., 485; 2 Speer., 271; 46 L. R. A., 636. *Defendant not liable unless plaintiff shows negligence:* 77 S. C., 285; 40 S. C., 342; 73 S. C., 254; 81 S. C., 112; 15 Rich. L., 201; 9 Tex. Civ. App., 221; 8 Allen 127; 10 Ency., 251; 34 Ia., 568; 42 Ia., 308; 63 Ia., 119; 67 Ia., 343; 69 Ia., 310; 99 Ia., 589; 3 Mack. (D. C.), 572; 7 A. & E. Corp. Cas., 497; 63 Wis., 518; 2 Farnham on Waters and Water Rights, 989. *Evidence showed a nuisance—remedy is by indictment:* 46 S. C., 327.

*Messrs. Thomas & Thomas* and *D. W. Robinson,* contra, cite: *Admission of irrelevant evidence may be cured by charge:* 50 S. C., 136. *Evidence in support of irrelevant allegations:* 78 S. C., 485; 70 S. C., 11; 61 S. C., 335; 60 S. C., 381; 79 S. C., 511. *Charge covered point that defendant is only liable if injury is caused by its negligence:* 62 S. C., 22, 27; 77 S. C., 284; 65 L. R. A., 250. *Defendant liable for overflowing by surface water:* 62 S. C., 27; 77 S. C., 284; 65 L. R. A., 262; 36 Am. Dec., 82; 93 Ill., 521; 11 U. C. Q. B., 87; 11 Hun., 594; 38 N. Y. Supp., 989; 63 Barb., 185; 34 Ill., 569; Gould on Waters, secs. 271, 272; Cooley on Torts, 580; Angels on Water Courses, sec. 108 *et seq.;* 24 Ency., 549; 2 Dillon on Mun. Corp., secs. 1042, 1051; 32 Am. R., 271; 101 N. Y., 136; 9 L. R. A., (N. S.), 777; 39 Am. R., 135; 96 Ind., 236. *Consequential damages effect value of real estate:* 59 S. C., 378; 67 S. C., 524. *Injury peculiarly affected plaintiff:* 77 S. C., 288; 20 R. I., 381; 39 At. R., 326.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. An order of the Circuit Court overruling a demurrer to the complaint having been affirmed on appeal (77 S. C., 281, 57 S. E., 857), this cause was brought to trial at the November term of the Court of Common Pleas for Richland county before a jury, and a verdict

was rendered in favor of the plaintiff for sixteen hundred dollars. The respondent appeals, assigning error in the admission of the testimony, in the instructions to the jury, and in the refusal of a new trial.

A statement of the pleadings will be found in the opinion rendered in the former appeal. It is sufficient to say here that the plaintiff, as the owner of a lot of land in the city of Columbia, seeks to recover damages for the flooding of her land, the allegation being that the city of Columbia so altered the surface drains and raised the sidewalks on the adjacent street that the water is collected from the lots and street above and thrown on plaintiff's property, where it remains for some time, because the drains on the street are not large enough and not so constructed as to permit its escape. The allegation is that this defective grading of the street and defective and insufficient drainage is due to the negligence and mismanagement of the defendant, and, without fault of the plaintiff, has resulted, using the language of the complaint, "in rendering plaintiff's houses uninhabitable, thereby causing plaintiff's tenants, from time to time, to vacate the said houses, thereby causing loss of rentals to plaintiff, and thereby causing the plaintiff and the members of her family, dependent upon her, to become sick and unhealthy." The answer was a general denial.

The first point made by the appeal is that there was error in allowing the witness, Hasell Thomas, to testify as to the quantity of earth and the cost of the work which would be required to fill in plaintiff's lot to the level of the pavement as raised by the city, so that the surface water flowing upon plaintiff's land from the lands above would flow over her land into the street. We think this evidence was not competent. It is true the filling in of the whole lot above the level of the pavement would have effectually prevented the flow of the water from the street into and over the lot, and that was one way in which either

the plaintiff or the city of Columbia might have protected the property. But it was the most expensive method, and clearly one that due care did not require either party to adopt. Indeed, it was so very obvious that this was unnecessary, and that throwing up the edges of the lot next to the street would have warded off the water from the street, that it would be unreasonable to impute to the jury a conclusion that the expense of filling in the lot should be charged to the defendant. For this reason we think the admission of the evidence was not material error.

The next exception must be overruled for two reasons. Objection was made to this question: "Taking into consideration the loss of your tenants, the effect on the property itself and the injury to your health and to the health of your family, how many dollars have you been injured?" In the first place the defendant could not complain of the question, because the items of damage here spoken of were all alleged in the complaint, and no motion was made to strike them out. *Martin* v. *Ry. Co.,* 70 S. C., 11, 48 S. E., 616; *Elms* v. *Power Co.,* 79 S. C., 502, 60 S. E., 1110. In the second place the Circuit Judge charged the jury that the measure of damages was the actual injury to the property, and not consequential damages; and if there were error in allowing the question to be answered, it was cured by this instruction. *Hipp* v. *So. Ry. Co.,* 50 S. C., 129, 27 S. E., 623.

There are numerous exceptions imputing error to the Circuit Judge in instructing the jury that the defendant would be liable, if, by its work on the street and its drains, it collected water that otherwise would not have flowed there, and cast it on plaintiff's property to her injury, without giving the further instruction that the defendant would not be liable unless the injury was due to defendant's negligence or mismanagement. The action was founded on Section 2023 of Civil Code, and under that

statute it was essential to plaintiff's recovery that she should prove a defect from which the injury resulted, caused by the negligence or mismanagement of the city.

The trial was concluded under circumstances most distressing to the presiding Judge and all others concerned, owing to the sudden death of Mr. Crawford, the eminent counsel for the plaintiff, while conducting the cause.    If the part of the charge given to the jury on the 21st of November be considered alone, it would be subject to the criticism made in these exceptions; but on the following morning, when the charge was resumed, the Circuit Judge explicitly and repeatedly charged that the plaintiff could not recover unless the evidence showed that injury to her property was due to a defect caused by the negligence or mismanagement of the defendant.    The last instruction given on this subject, at the conclusion of the charge, was in this language, submitted as one of the defendant's requests: "In order for the plaintiff to recover the jury must be satisfied by the preponderance of the evidence that the injury complained of was caused by the casting of the water from defendant's drains on to plaintiff's property, and that such casting of the water was the direct and natural result of the negligent construction of the drains or streets."

The exception alleging failure to charge properly on the subject of contributory negligence is also without foundation, for, on the request of defendant's counsel, this instruction was given to the jury: "The statute under which this action is brought limits the recovery to the actual damages suffered by the party injured, and only permits a recovery of such damages in case the party injured has not contributed to or in anyway brought about the injury by negligent action or non-action on her part."

There was no error of law in refusing the motion for a new trial on any of the grounds set out in the exceptions. There was evidence that the value of the property was

lessened by flooding, due to defendant's defective pavement grade and insufficient drains, and obviously the defendant could not offset against any liability for negligence in this respect, the increase in the market value of the property, due to the general advance in real estate values in the city.

There was evidence to support a substantial verdict against the defendant, and a careful examination of the testimony does not lead to the conviction that the amount was capriciously fixed. The extent of the damage was a matter of judgment, dependent upon knowledge of the property and all the surrounding conditions appearing from the evidence, rather than definite estimates of the witnesses, and was, therefore, peculiarly within the province of the jury.

The fact that three or four neighboring property-holders suffered from the same causes, and in the same way, does not bring the case within the principle of *S. C. Steamboat Co.* v. *Wilmington, C. & A. R. R. Co.,* 46 S. C., 327, 24 S. E., 337, 33 L. R. A., 541, and other similar cases. There was no evidence here that the community at large suffered any damage at all or was in anywise concerned in the matter.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.