9219

FARMERS MERCANTILE CO. *ET AL.* v. SEABOARD AIR LINE RAILWAY.

(86 S. E. 678.)

FIRES. INSURERS. SUBROGATION. LIABILITY FOR LOSS. EVIDENCE.

1. PARTIES—JOINDER—SUBROGATION AGAINST WRONGDOER.—An owner of property destroyed by fire set by a railroad engine sued the company, and insurance companies which had paid a part of the loss joined as plaintiffs. The testimony established without contest that the loss amounted to more than $6,500, but the verdict was rendered in favor of such owner for $2,500, conceded to be the surplus loss over the amount of the insurance. Two of the insurance companies were nonsuited, and the verdict made no reference to the third. *Held* that, it being conceded that the insurance companies had a right to sue in the action by the owner for subrogation, they ought not to be put to another action.

2. INSURANCE — ACTIONS FOR SUBROGATION — EVIDENCE. — As the action was primarily by the owner of the property, and it made no difference to the railroad company whether it had insurance or not, this not decreasing or affecting its liability, and its obligation being primary, while that of the insurance companies was secondary, it was

not necessary to prove the policies, but when offered in evidence in reply on defendant's demand, they ought to have been allowed, as no undue advantage could thereby be taken of the railroad company which came into Court to meet that case and demanded proof of the policies because their execution had been alleged.

3. INSURANCE—SUBROGATION AGAINST WRONGDOER—RIGHT TO RECOVER.— One of such insurance companies which did prove its policy was entitled to a verdict in its favor; the testimony confessedly establishing that the property destroyed exceeded the sum found by the jury, and was sufficient to compensate such insurance company for the amount it had paid out.

4. DAMAGES—REDUCTION OF LOSS BY INSURANCE.—Where insured property was destroyed by fire set by a railroad engine, payment of the amount for which they were liable by insurance companies did not reduce the liability of the railroad company, as it was liable to the owner of the property in any event, while the liability of the insurance companies was secondary.

Before MAULDIN, J., Bamberg, January, 1915. Reversed.

Action by Farmers Mercantile Company, the Continental Insurance Company, Ætna Insurance Company and the Girard Fire and Marine Insurance Company against Seaboard Air Line Railway. From a nonsuit the Ætna Insurance Company and Girard Fire Insurance Company, and from a judgment against it, the Continental Insurance Company appeal. The facts are stated in the opinion.

*Messrs. W. Anderson Clarkson* and *James H. Fowles,* for appellants. The former submits: *The fact of insurance was collateral to the cause of action, and might have been proven by parol:* 36 S. C. 265; 148 N. C. 437; 62 S. E. 519; 138 N. C. 503; 51 S. E. 42; 82 S. C. 430; 59 S. C. 471; 52 S. C. 82; 43 S. C. 95; 78 S. C. 39; 4 Cooley's Briefs on Ins. 3895, 3896; 36 S. C. 267; 90 Atl. 244; 35 N. J. L. 413; 55 Ark. 176; 197 Fed. 79; 166 U. S. 474; 57 Fed. 243; 24 Fed. 285; 23 Fed. 88; 17 Fed. 919. *Proof of policy by triplicate on register:* 2 Elliott, Ev., sec. 1439; 57 Md. 446; 24 Barb. 404; 1 Greenleaf, Ev., sec. 588; 17 Cyc. 517. *General denial did*

*not put in issue the interests of the insurance companies:* 86
S. C. 54; 83 S. C. 536; 41 S. C. 410.    *Plaintiff's capacity to
sue:* 85 S. C. 346; 65 S. C. 116; 35 N. J. L. 413; 83 S. C.
536.    *Only one cause of action:* 86 S. C. 54; 41 S. C. 408;
83 S. C. 536.    *Original policy should have been admitted
when offered after close of plaintiff's other evidence:* 68 S.
C. 133; 55 Ark. 180.    *Special verdict:* Code Civ. Proc., sec.
321; 88 S. C. 569. . *Charge to deduct amount of insurance
from amount of loss in finding verdict for insured:* 33 Cyc.
1392; 16 S. C. 587; 134 Ind. 215; 20 L. R. A. 405; 72 S.
W. 457; 110 Tenn. 104; 160 S. W. 907.    *This divided the
single tort into more than one cause of action:* 86 S. C. 52;
83 S. C. 536; 76 S. C. 105; 41 S. C. 408.    *Wrongdoer not
entitled to benefit of insurance:* 76 S. C. 105; 68 Pac. 607.
*Insured as trustee for insurer:* 76 S. C. 105; 83 S. C. 536.
*Verdict should have been directed for Continental Ins. Co.
if any were found for plaintiff:* 68 S. C. 184; 68 S. C. 466.
*The insurer being entitled, as matter of law, to recover:* 36
S. C. 267.    *Error in refusing new trial:* 66 S. C. 302; 74
Mo. App. 106; 73 N. Y. 402; 103 Mass. 223; 21 N. J.
Eq. 107.

*Messrs. Lyles & Lyles* and *Harley & Best,* for respond-
ents, submit: *Best proof of policy of insurance required:* 6
Gray. 73; 17 Cyc. 476; 54 Minn. 336; 56 N. W. 48.    *Rul-
ings on evidence when offered out of time discretionary:* 68
S. C. 133.    *Special verdict discretionary:* Code Civ. Proc.
321.    *Distinct claims on behalf of each insurer:* 74 S. C.
102-135; 80 S. C. 407, 409; 73 S. C. 70; 68 S. C. 38; 68 S.
C. 401; 62 S. C. 382; 59 S. C. 445; 54 S. C. 509.    *Inad-
vertent error in charge:* 57 S. C. 335; 77 S. C. 403; 79 S. C.
128; 81 S. C. 3.

October 21, 1915.

The opinion of the Court was delivered by Mr. Justice
Gage.

The appeal is by three insurance companies from an order of nonsuit, as to two, and from a judgment entered on a jury's verdict as to one.

The Farmers Mercantile Company had a storehouse at Olar, a station on the defendant's road.

The goods therein were alleged to be worth $6,500, or more; they were alleged to be insured against loss by fire in the three plaintiff insurance companies for an aggregate sum of $4,000; they were alleged to have been totally destroyed by a fire set out by the defendant's locomotive engine.

The insurance companies paid the total loss of $4,000, which they had underwritten to the Farmers Company, but its loss was yet unsatisfied by $2,500.

The policies of insurance contained the customary clauses by which the companies became upon payment of the policies subrogated to the rights of the insured against the wrongdoer.

The Farmers Company sued for the entire loss of $6,500, and the insurance companies were joined as plaintiffs by reason of their having paid $4,000 of the entire loss, for which they were secondarily liable. And such joinder was conceded proper.

The Ætna and the Girard companies were nonsuited; the Continental got no mention by name in the verdict; the verdict was "for the Farmers Mercantile Company the sum of $2,500."

Soon after the verdict was rendered the defendant paid the full recovery of $2,500 to the Farmers Company, and the judgment was marked satisfied.

So that the apparent outcome of the action is the settlement by the defendant of a proven $6,500 liability for $2,500.

It was frankly admitted at the bar by counsel for the respondent that the recovery of $2,500 was only for the surplus loss over the amount of insurance.

And the same counsel did not deny that the Ætna and the Girard companies may yet sue for subrogation, but not the Continental.

A result like that reached by the Court and jury ought not to be sustained except of necessity. Nor ought the insurance companies be put to another action, if they had a right to sue in this action, and that right was also frankly conceded.

Had all the allegations of the complaint been proven, by the testimony, which was excluded and by that which was admitted, the verdict should have been: For the Ætna, $2,000; for the Girard, $1,000; for the Continental, $1,000; for the Farmers Company, $2,500; total $6,500.

But the Ætna and the Girard were nonsuited, the Continental was ignored in the verdict, while the Farmers Company got the surplus it was entitled to have.

The Farmers Company is now out of the case by the defendant's action and the insurance companies are the sole complainants.

The verdict of the jury fixed the wrongful burning; and the testimony established, without contest, the amount of the loss to be more than $6,500.

The only practical issue was, to whom should the recovery go?

The exceptions are exceptionable for multiplicity; they need not to be and will not be considered as they are written. They make a few issues, to wit: (1) Were the Ætna and Girard Insurance companies entitled to prove the payment by them of the loss under their policies without proof, of the policies; and when the policies were offered in reply, ought they then to have been then admitted in evidence? (2) Was the Continental Insurance Company entitled to recover as a matter of law? (3) Was the defendant entitled to have its liability to the Farmers Company reduced by that which the insurance companies had aforetime paid to it? All these

issues the Court decided against the insurance companies. On all of them, there must be a new trial.

The action was primarily one by the Farmers Company against the defendant for the destruction of its property. It made no difference to the defendant whether the Farmers Company had insurance or not.

If the defendant wrongfully burned the Farmers Company's property worth $6,500, the complaint so alleged, and the jury so found, then it was liable therefor, whether the Farmers Company had insurance or not. The Farmers Company, it is true, might not recover the same loss from two obligees.

The obligation of the defendant to the Farmers Company was primary.

The obligation of the insurance companies to the Farmers Company was secondary.

The defendant, therefore, was not interested in whether the insurance companies were obliged to pay or not; that circumstance could not decrease or affect its liability to the Farmers Company. The policies were, therefore, not necessary to be proven.

When, however, they were offered in evidence, on the defendant's demand, though late in reply and unnecessary, they ought, in the interest of justice, to have been allowed. No undue advantage could thereby have been taken of the defendant; it came into Court to meet that case, for it demanded the proof of the policies because their execution had been alleged.

The Continental Insurance Company did, in fact, prove its policy, and as testimony confessedly established that the property destroyed exceeded the sum found by the jury, and was sufficient to compensate the Continental for the $1,000 it had paid out, the jury ought to have found for the Continental.

The last issue is akin to the first. The liability of the insurance companies to the Farmers Company was secondary. The fact that the insurance companies had paid the loss was no reason why that payment should reduce the liability of the defendant, who was liable to the Farmers Company in any event.

We are, therefore, of the opinion that the exceptions which raise the above stated issues must be sustained. It is so ordered; and the case is remanded to the Circuit Court to try what, if anything, may be due to the three insurance companies by the defendant under the transactions alleged in the complaint.