## 9497

CONTINENTAL INS. CO. *ET AL.* v. SEABOARD AIR LINE RY.

(90 S. E. 318.)

JUDGMENT—CONCLUSIVENESS—PERSONS CONCLUDED.—A judgment in an action by a property owner, in which some of the companies insuring the property were out of the case by nonsuit and one out by the unlawful omission of the jury at the time the verdict was rendered against a railroad ompany, is not conclusive as to the cause of the fire in a subsequent action by the insurance companies against the railroad company.

Before DEVORE, J., Bamberg, November, 1915. Reversed.

Action by the Continental Insurance Company and others against Seaboard Air Line Railway. Judgment for plaintiffs, and defendant appeals.

*Messrs. Lyles & Lyles* and *Harley & Best,* for appellant, cite: *As to effect of judgment on former appeal:* C. C. Rule 77; 96 S. C. 346; 98 S. C. 466.

*Messrs. W. Anderson Clarkson* and *James H. Fowles,* for respondents, cite: 17 S. C. 189; 33 S. C. 504; 52 S. C. 171; 81 S. C. 518; 84 S. C. 196; 102 S. C. 347; 89 S. C. 400.

September 5, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This trial is a sequel to that reported in 102 S. C. 348, 86 S. E. 678. We are of the opinion that the Circuit Court ought to have heard testimony upon the issue of what caused the fire. It is true that, as betwixt the Farmers Mercantile Company and the railroad company, that issue was determined on the first trial. But in that trial the insurance companies were out of the case when the issue was settled by verdict. Two were out by nonsuit, and one was out by unlawful omission of the jury. Therefore, as betwixt the insurance companies and the defendant, there has been no judgment that the defendant set out the fire.

Had the Circuit Court proceeded, as it was empowered by consent of counsel to do, and found from the testimony at the former trial, or from testimony *de novo,* that the defendant set out the fire, that would have been an end of the matter. The Court did not do that. It was not adjudged by this Court, and it could not have been adjudged, that a verdict betwixt the Farmers Mercantile Company and the railroad company was conclusive in the trial betwixt the three insurance companies and the railroad company; as betwixt them, the fact of who set the fire has not yet been determined.

Had the Farmers Mercantile Company sued only the railroad company, and had the verdict been for the Farmers Company for the total loss of $6,500, and had the insurance company thereupon paid the Farmers Company the policies and then sued the railroad company for subrogation. the insurance companies might plainly not contend in that suit that the act of burning had been fixed on the defendant. Yet in effect that is the case the insurance companies now make.

The judgment below is reversed, and a new trial is ordered.