## 9862

### SMOAK v. MARTIN.

(94 S. E. 869.)

1. EVIDENCE—OPINION EVIDENCE—ADMISSIBILITY.—In an action for injuries sustained in an automobile collision, opinion evidence that plaintiff was unable to obtain insurance because of the injuries was competent, where the witness was an experienced insurance agent, as he knew by experience, although not able to diagnose the elements of the wound, that a man injured as plaintiff was, was not a fit subject for insurance.

2. APPEAL AND ERROR—ADMISSION OF QUESTIONABLE TESTIMONY— REVERSIBLE ERROR.—A judgment will not be reversed because some questionable testimony was admitted, where the competent testimony is sufficient to support a verdict.

3. HIGHWAYS—COLLISION—CONTRIBUTORY NEGLIGENCE.—Where plaintiff's automobile while stopped on the left of the center of the road was struck by defendant's automobile going in the same direction, defendant could not be held guilty of contributory negligence in view of Civ. Code 1912, sec. 2157, providing that every person, carriage, etc., traveling or passing on or over any road shall keep on the right of the center of the road, etc.

4. DAMAGES—INSTRUCTIONS—"ACTUAL LOSS."—An instruction that actual damages mean such damages as will put plaintiff in the position he was before he was injured is equivalent to an instruction that actual damages consist only of such a sum of money as will compensate or repay him for whatever actual loss he has sustained —monetary loss—by reason of the injury; "actual loss" being measured by the difference in the plaintiff's plight before and after the event.

Before BOWMAN, J., Charleston, Spring term, 1917. Affirmed.

Action for personal injuries. Judgment for plaintiff, and defendant appeals.

Civ. Code 1912, sec. 2157, is as follows:

*All Traveling to Be on the Right of the Center.*—Every person, carriage, animal, or other thing, traveling or passing on or over any turnpike road, causeway, or bridge, now constructed, or hereafter to be constructed, by authority of the legislature, shall keep entirely on the right of the center of the said road, causeway, or bridge, so as not to obstruct the passage of any other person, carriage, animal or thing, on the other side of the center thereof.

*Messrs. Von Kolnitz & Farrow,* for appellant, cite: Section 2157, vol. I, Civil Code 1912.

*Messrs. Logan & Grace* and *Padgett & Moorer,* for respondents, cite: 88 S. C. 80; 91 S. C. 201; 67 S. C. 175; 67 S. C. 419; 72 S. C. 411; 79 S. C. 341; 94 S. C. 324; 86 S. C. 318; 51 S. C. 303.

January 21, 1918.

The opinion of the Court was delivered by Mr. Justice Gage.

There are four exceptions, but the second was not argued; and the appellant's counsel stated at the hearing that the fourth was the serious one.

The challenged testimony of Williams, an insurance agent, was competent. Smoak made application to Williams for insurance. One of the questions to be answered by Smoak was about any previous injury. Smoak told Williams of the hurt from the auto, and exhibited his leg to Williams. And Williams said it was no use to make application; the leg seemed to be in such bad condition. The only objection to the testimony is that it is opinion evidence, and Williams was not proven to be an expert. The knowledge thereabout which Williams had arose out of experience and practice; he may not have been able to diagnose the elements of the wound, but he would

know by experience whether a man with a leg like that was a fit subject for insurance.

And apart from this testimony, there was abundant evidence that Smoak was seriously hurt. We shall not reverse a judgment because some questionable testimony was allowed, if questionable it was, when there is a large sufficiency of competent testimony to support the verdict. *Mayrant v. Columbia,* 82 S. C. 274, 64 S. E. 416.

Section 2157 of the Code of Laws, which regulates the movement of vehicles on highways, and upon which the appellant relies to convict the plaintiff of negligence, plainly has no application to the facts of the instant case. (Let that section be reported.) Those parts of it italicized in the appellant's brief, which are the last two lines or more, prove the contrary of his contention.

Both cars were moving in the same direction; both were going north from Charleston. The car struck was a Ford, and the car striking was a Cadillac; the Ford, angling from right to left, stopped on the left side of the road to get gasoline and repair a puncture, and while in that position, the passengers of it at work upon it, the Cadillac came up from its rear and hit the right side of the Ford. Plainly, if the Cadillac had followed the law of the road, which it now invokes, it would not have hit the Ford while the Ford stood on the left side of the road; if the Ford was to the left of the center, when it ought to have been to the right of the center, so was the Cadillac. More than this, the statute, as we have suggested, requires a machine proceeding, for instance, towards the north to keep to the right of the center of the road for a purpose, to wit:

"So as not to obstruct the passage of any other * * * carriage * * * on the other side of the center thereof."

That is to say, so as not to obstruct another auto on the other, and for it the right-hand side of the road, going south in the opposite direction. The halt which the Foard made did not, therefore, impair the right of the Cadillac, for the

Cadillac was not moving south on that side of the road which would have been the right-hand side for it.

The Court charged the jury that actual damages meant "such damages as will put him in the position he was before he was injured." The appellant suggests the Court ought to have charged that "actual damages consisted only of such a sum of money as would compensate or repay the plaintiff for whatever actual loss he had sustained—monetary loss—by reason of the injury." The two definitions amount to the same thing; "actual loss" is measured by the difference in the plaintiff's plight before and after the event. See *Dent v. Railroad,* 61 S. C. 329, 39 S. E. 527; *Sullivan v. Anderson,* 81 S. C. 478, 62 S. E. 862.

The judgment below is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER did not sit in this case.