10296.

WALKER v. LEE *ET AL.*
(106 S. E. 682)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE PRECLUDES RECOVERY.—Generally contributory negligence prevents a recovery.

2. HIGHWAYS—TRAVELER NOT REQUIRED TO KEEP TO RIGHT OF CENTER UNLESS OTHER TRAVELER IS APPROACHING FROM OPPOSITE DIRECTION.—Cr. Code 1912, § 617, and Civ. Code 1912, § 2157, requiring travelers on roads to keep to the right of the center, do not require a traveler to stay to the right of the center at all times, but merely requires him to travel to the right of the center when a traveler is approaching from the opposite direction.

3. HIGHWAYS—DRIVER OF AUTOMOBILE TO RIGHT OF CENTER NOT EXCUSED FROM EXERCISING ORDINARY CARE TO AVOID INJURY.—The mere fact that automobile driver was driving to the right of the center of the road did not relieve him from exercising due and ordinary care to prevent a collision.

4. HIGHWAYS—AUTOMOBILE DRIVER REQUIRED TO DRIVE TO LEFT OF CENTER IF NECESSARY TO AVOID COLLISION.—Automobile driver who was driving to the right of the center of the road, on approach of automobile from opposite direction, was required to drive to opposite side of road if in so doing he could have avoided a collision notwithstanding Cr. Code 1912, § 617, and Civ. Code 1912, § 2157, requiring traveler on road to keep to right of center.

NOTE:—For authorities discussing rule of the road governing vehicles proceeding in the same direction, see note in 41 L. R. A. (N. S.) 337; in the opposite direction, see note in 41 L. R. A. (N. S.) 322; at intersection of streets and when turning across street, see note in 41 L. R. A. (N. S.) 346.

5. NEGLIGENCE—WHEN VIOLATION OF STATUTE OR ORDINANCE IS NEGLIGENCE PER SE, TECHNICAL VIOLATION REQUIRED TO AVOID INJURY TO PERSON OR PROPERTY. While the violation of a statute or ordinance is negligence per se, a person is bound to technically violate either, if by so doing he can avoid inflicting injury to person or property.

Before WHALEY, J., County Court, Richland, 1920. Reversed.

Action by Albert Walker against Robert F. Lee and John Edwards for personal injuries. From judgment for plaintiff the defendants appeal.

*Messrs. Melton* & *Belser,* for appellants, cite: *Statutory regulation of traffic*: Sec. 617 Crim. Code 1912; Sec. 2157, 1 Civil Code, 1912. *Even if defendant is violating law of the road the plaintiff cannot recover if he could have avoided the collision by the exercise of due care*: Thomp. Neg., Vol. 1, Sec. 1287, p. 1142; Secs. 1289-92. *Necessity may excuse violation of criminal statute*: 8 R. C. L. 125; Stephens Dig. Crim. Law 32; 99 Mass. 434.

*Mr. D. W. Robinson,* for respondent, cites: *Violation of statutes is negligence per se*: 108 S. C. 393; 83 S. C. 357; 84 S. C. 536. *Failure to turn to the right when meeting another, where the statute requires it, is negligence*: 98 S. E. 529 (Va.) *Traveler has a right to assume that others using the same road will obey the law of the road*: 2 R. C. L. Sec. 20, p. 1185; 41 L. R. A. (N. S.) 327 et seq (note.) *Traveler on prohibited side of road who is unable to surrender to travelers proceeding in the opposite direction is not legally excused for an injury to another who is not in fault*: 14 N. H. 307, 115 Pac. 1050. *If he tries to pass on the left he must stand the consequences from his choice*: 1 Thomp. Neg., Sec. 1286-7.

March 10, 1921.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This is an appeal from a judgment entered in this case for a verdict for $400 actual damages. The action was for damages in tort for injuries caused by the alleged negligence of defendants in driving their automobile. The defense was a general denial and alleged contributory negligence on the part of the plaintiff. The cause was tried by Judge Whaley and a jury in the County Court for Richland county in March, 1920. The exceptions, seven in number, complain of error in his Honor's charge to the jury and in failing and refusing to charge certain requests submitted by defendants, and that the verdict was contrary to law and evidence.

The principal point raised by all of the exceptions, and the question that underlies all of the exceptions, is whether, under section 617 of the Criminal Code of 1912, the plaintiff is to be held free from contributory negligence when by the exercise of due care he should have gone around behind defendant's automobile.

Under the general principle of law, contributory negligence prevents a recovery, and his Honor so declared, but his Honor made an exception in this case, and held that under Section 617, Criminal Code, and Section 2157, Civil Code, 1912, the plaintiff, even if in the exercise of due care he should have gone around behind defendant's automobile and to the left of the center of the road, in so doing was under no obligation to do so by reason of the statutes, and was not guilty of contributory negligence. His Honor was clear-cut and concise on this point and made it clear to the jury.

We think his Honor was in error. A proper construction of the statutes does not require that one should at all times stay in the right of the center of the road, but it means that a party must take the right when he is meeting one, so as to give the party coming from the opposite direction his right of way unobstructed. A party

has a right to travel on either side of the road, provided no one is coming from the opposite direction, and provided he is not obstructing the passage of any other person. A traveler can cross from one side to the other, provided no one is there, provided he obstructs no one's passage and provided he injures no one by so doing, in person or property. When one violates a statute or ordinance, he is guilty of negligence per se, but he is bound to technically violate either if by so doing he can avoid inflicting injury to person or property. The question should have been submitted·to the jury whether Walker could by the exercise of reasonable care have avoided the collision. In this case the mere fact that he was where he had a right to be under the law does not relieve him from exercising due and. ordinary care, such as an ordinarily prudent person is required to do, to prevent a collision and avoid injury to person and property. Even though a person is driving where he has a right to, he must act under the emergencies of any case and exercise due care and circumspection, so as to prevent collisions and injuries, provided he does not obstruct the rights of the others traveling in a different direction.

The exceptions are sustained, and a new trial granted.

New trial.

Mr. CHIEF JUSTICE GARY and Mr. JUSTICE COTHRAN concur.

Mr. JUSTICE FRASER (dissenting) : I cannot concur in the ·majority opinion in this case. Both the plaintiff and the defendant were using on a public highway dangerous machines. They were not only dangerous to foot passengers who must cross the highway, but to other persons who use these dangerous machines along the highways. The State and City governments have found it necessary to enact stringent rules for the use of the highways by ·these machines. There is no such thing as absolute safety, but,

in order to secure a reasonable degree of safety to the traveling public, it is necessary that the rules be clear and their observance strictly enforced. The rule has, so far as this case is concerned, been made clear, and the Courts should strictly enforce it. The defendant was not only where he had no right to be, but where he was forbidden to be. The plaintiff was not only where he had the right to be, but where the law commanded him to be. If under this condition the defendant has the right to the defense of contributory negligence, all the protection afforded by the law is lost. Every lawbreaker will be permitted to take the forbidden side of the highway and force the man who is trying to observe the law to become himself a lawbreaker, or take the consequence at his peril. I do not mean to say that a man on the right of the highway has the right to willfully ride down and intentionally injure the wrongdoer, but I do not think that the lawbreaker is entitled to the protection of the doctrine of contributory negligence. I think that the only duty a law observer owes to a lawbreaker is "not to intentionally injure him." The disposition of many drivers of dangerous machines is to proclaim to the rest of the world:

"You see me coming, or, by reasonable dilligence, can see me coming. Get out of my way at your peril."

I do not think the Courts should sustain the claim, and yet that is, in my judgment, just what the Court is doing when it allows the defense of contributory negligence.

It may be that, the object of the law being to prevent accidents from collisions, one may go to the left, on some unfrequented road, where there is no apparent danger of collision, but even then he assumes the risk of an error of judgment. This may be strict and harsh, and at times inconvenient, but the strictness, harshness and inconvenience does not compare with trail of the lawbreaker, marked as it is by broken laws, broken heads, broken

bones, and the graves of the dead. There may be such a thing as discretionary obedience to law (I doubt it,) but in my judgment it does not apply to the observance of traffic laws when dangerous machines are used.

The charge of Judge Whaley was, in my judgment, more favorable to the appellant than they had the right to ask. He charged the jury that the plaintiff was liable for contributory negligence unless, in order to avoid the accident, he would have been required to cross the center of the street, which was forbidden by law. I am very clear in my own mind that the law does not require a man to violate the law in order to avoid the unlawful acts of another. Judge Whaley charged the jury that the plaintiff was not required to violate the law in order to avoid the admittedly unlawful conduct of the defendant. I think he was clearly right, as far as he went, and, if he erred, it was in favor of the appellant.

For these reasons, I dissent.