## No. 10607.

SIMS, *ADM'R.*, v. ELEAZER.

(106 S. E. 854)

1. HIGHWAYS—STATUTE DOES NOT REQUIRE VEHICLE TO KEEP TO RIGHT WHEN NOT MEETING OTHERS.—The statute requiring a vehicle in meeting and passing another vehicle to keep to the right does not require a person to, keep on the right side of the road at all times, but only to avoid interference with some one coming from the opposite direction.

2. HIGHWAYS—DRIVER MUST VIOLATE TRAFFIC RULES IF NECESSARY TO AVOID COLLISION.—Where a collision with a person who is violating the traffic rules is imminent, a vehicle driver must exercise due care such as an ordinarily prudent person would exercise under similar circumstances to avoid causing the injury, even though to do so he must technically violate a traffic rule, provided in so doing he does not injure any one who is traveling where he has a right to be.

3.  Highways—Fact That Defendant Driver Was on Left Side Does
    Not Conclusively Show Negligence and Freedom From Contribu-
    tory Negligence as Matter of Law.—The fact that the driver of a
    vehicle was traveling on the left side of the road at the time of col-
    lision does not conclusively show his negligence as a matter of law,
    but only raises the presumption in favor of the man traveling on the
    right side of the road, nor does that fact show as a matter of law that
    the other person is free from contributory negligence, but all the
    circumstances in evidence explanatory of the situation are to be
    considered in determining whether the position of the parties is capa-
    ble of explanation.

4.  Trial—Correct Requested Instruction Properly Refused if Not
    Applicable to Facts.—In an action for the death of a pedestrian
    struck by an automobile, it was not error to refuse a requested in-
    struction directly stating the statute regulating the speed of vehicles
    under certain conditions, where that statute was not applicable to
    the facts.

Before McIver, J., Richland, February term, 1920.
Affirmed.

Action by J. G. Sims as administrator of Laura Bell
Sims, deceased, against W. P. Eleazer and J. Albert Eleazer
for damages. From judgment for defendants the plaintiff
appeals.

Plaintiff's sixth exception was to the refusal of the
Court to give his second request to charge that—

"The laws of this State require a party operating a motor
vehicle, upon approaching a crossing of intersecting public
highways, or a bridge, or a sharp curve, or a steep descent,
to have his machine under control and operating at a rate of
speed no greater than six miles an hour, and in no event
greater than is reasonable and proper, and having regard to
the traffic then on the highway and the safety of the public."

In refusing the charge the Judge stated:

"I do not charge the second request, although it is good
law—practically just a copy of the statute; still I do not
think it is applicable to this case."

The eighth exception was to the denial of plaintiff's motion for a new trial based on grounds raised by exceptions 1-6.

The evidence showed that plaintiff's intestate started on foot across the highway from the gate in front of her home and was struck by defendant's car, which was proceeding up a slight grade.

*D. W. Robinson, Esq.,* for appellant, cites: *But one reasonable inference to be drawn from the testimony and verdict should have been directed for plaintiff except as to amount:* 104 S. C. 30-1; 99 S. C. 421; 107 S. C. 368. *The car turned to the left side of the road in violation of Sec.* 617, Crim. Code 1912; Sec. 2157, 1 Civil Code 1912. *Violation of statute is negligence per se:* 108 S. C. 393; 83 S. C. 357; 84 S. C. 536. *And failure to turn to the right when meeting another where statute requires it, is negligence:* 98 S. E. 529 (Va.) *Party using a highway has the right to assume that others using the highway will observe the law:* 2 R. C. L. Sec. 20, p. 1185; Note to 41 L. R. A. (N. S.) 327-8, 332, 333-4. *If he attempts to turn to the left he must be responsible for the consequences:* 1 Thomp. Neg. Sec. 1287; 14 N. H. 307. *Driver violated Secs. 603, 601 Crim. Code 1912; Sec. 605 had no application and should not have been mentioned in the charge:* 108 S. C. 199, 201-202; 96 S. C. 79-81, *and injected into the case matters which were not an issue:* 101 S. C. 861; 113 S. C. 499. *It may be that contributory negligence is sufficiently pleaded in the answer:* 88 S. C. 565; 95 S. C. 187. *But it must be made to appear that it contributed to the injury as the proximate cause thereof:* 109 S. C. 293. *And there was no evidence from which contributory negligence could be inferred:* 96 S. C. 426. *But if contributory negligence was to be submitted to the jury the Court should have charged the law in regard to sudden peril:* 1 Thomp. Neg. Secs. 195, 197; White Supp. to Thomp. Negl., Secs. 195,

197; Note to 37 L. R. A. (N. S.) 44, 47; 20 R. C. L.
Secs. 111, 112. *Recklessness*: 108 S. C. 393; 111 S. C.
329-30. *Contributory negligence no defense to reckless-
ness*: 99 S. C. 284; 94 S. C. 462.

*Messrs. Nettles & Tobias* and *C. L. Monteith,* for re-
spondents.   No citations.

April 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action for damages for the negligent, willful,
and wanton killing of the plaintiff's intestate by an auto-
mobile driven by the defendants.   The cause was tried be-
fore his Honor, Judge Edward McIver, and a jury at the
February term of Court, 1920, for Richland county, and re-
sulted in a verdict in favor of the defendants, upon which
judgment was entered, and plaintiff appeals.

Exceptions 1, 7 and 9 raise the contention that his Honor
was in error in not directing a verdict for the plaintiff as
asked for; that from all the evidence adduced at the trial
no inference could be drawn of unavoidable accident, or
no negligence on the part of the defendant, or of contrib-
utory negligence on the part of plaintiff's intestate.

The plaintiff's contention is that the autoobmile, at
the time of the accident, was on the left side of the
road, where it had no right to be, under the statute
law of this State defining how the traveling public shall
travel on the highways of the State, and that the automo-
bile was not under control.

The wording of the statute does not require that in meet-
ing and passing another a vehicle shall keep to the right.
The statute does not contemplate that at all times a person
traveling shall strictly comply with the terms of the statute.
A person traveling a highway has the right to travel on
either side of the road when no one is coming in the oppo-

site direction, and he does not interfere with the traveling of another coming from the opposite direction, and in no manner impedes or obstructs the rights of others coming from an opposite direction. If he is meeting and passing, he must bear to the right and comply with the terms of the statute. In passing any one in front of him going in the same direction, he must pass him on the left, giving the one in front of him the benefit of bearing to the right. Any one passing him going in the same direction must pass on his left.

While these are the general rules that must be observed, yet, if any one, even though violating the rules of traffic, is about to be injured, in person or property, by a collision between them, he must exercise due care, such as an ordinary prudent person would exercise under similar circumstances, to avoid injury to any one, even though he violate the traffic rules, provided in so doing he does not injure any one being where they have a right to be under the law regulating traveling.

If a person traveling in the manner provided for by law meets any one traveling in a manner in violation of the statute and sees a collision is inevitable, unless he violates the rule, and by a violation of it he can avoid a collision without danger to himself or property he must do so, even though he technically violate the law. He must exercise the ordinary instincts of human nature to avoid being injured or inflicting injury on another. He must exercise the ordinary care that an ordinary person would exercise under similar circumstances of the case.

A person, being on the wrong side of the road, can not, as a matter of law, be injured by one traveling on the right side of the road. This only raises a presumption in favor of the man traveling on the right side of the road, and being where he had a right to be that he did not intend to injure the other. Neither can it be said that a person, being on the wrong side of the road, and in-

juring another, as a matter of law is absolutely liable. While it raises a strong presumption of law that he is, it does not as a matter of law make him absolutely liable. It depends upon all of the facts and circumstances of the situation at that particular time, the positions of each, whether on the right or wrong side of the road, whether the circumstances are capable of explanation. There were circumstances detailed in evidence explanatory of the situation at the time of the unfortunate killing, of the automobile being on the wrong side of the road, and that it was under control, sufficient to carry the case to the jury, and we see no error in his Honor's failing to direct for the plaintiff, and these exceptions are overruled.

Exceptions 2, 3, and 4 are overruled. His Honor's charge as a whole, is a complete exposition of the law applicable to the case, and nowhere did he commit any error that was at all prejudicial to the appellant.

Exception 5 complains of error in charging the law of contributory negligence. The answer set it up as a defense. There was testimony along that line, and it was a proper issue to be left to the jury. We see no error as complained of, and these exceptions are overruled.

Exceptions 6 and 8 are overruled for the reasons stated by his Honor. All exceptions are overruled, and judgment affirmed.

MR. JUSTICE FRASER: I dissented in Walker v. Lee, 115 concur.

Mr. JUSTICE FRASER: I dissented in Walker v. Lee, 115 S. C. 547, 106 S. E. 682, but this case goes further than Walker v. Lee, and I dissent again.