## 11181

### OGLESBY v. RHEA

#### (117 S. E., 303)

1. CONTINUANCE—REFUSAL TO GRANT CONTINUANCE FOR ABSENT WITNESS HELD NOT ABUSE OF DISCRETION, PLAINTIFF ADMITTING THAT WITNESS WOULD TESTIFY AS DEFENDANT DEPOSED.—Where an action had been pending about five and one-half years, defendant had had ample opportunity to procure the deposition of a material nonresident witness, and plaintiff agreed that this witness would testify as defendant deposed, the refusal to grant defendant's request for a continuance on account of the absence of this witness *held* not an abuse of the trial Court's discretion.

2. TRIAL—ERROR IN INSTRUCTION AS TO LAW OF ROAD CURED BY OTHER INSTRUCTIONS.—The error, if any, in an instruction relating to the statutory law of the road, stating the circumstances under which one may drive to the left, *held* cured by instructions as to the right to drive from one side of the road to the other.

3. HIGHWAYS—LAW OF ROAD DOES NOT REQUIRE THAT ONE SHOULD STAY ON RIGHT SIDE.—The statutory law of the road does not require that one should at all times stay on the right of the center of the road.

4. APPEAL AND ERROR—INSTRUCTION AS TO LAW OF ROAD NOT BASED ON EVIDENCE HELD NOT PREJUDICIAL.—An instruction as to the law of the road which was not based on the evidence *held* not prejudicial error.

5. HIGHWAYS—EVIDENCE OF COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE HELD TO WARRANT SUBMISSION TO JURY OF ISSUE OF PUNITIVE DAMAGES.—Evidence that automobile driver saw a motorcycle approaching at a speed no greater than his own, and without signaling he turned his automobile so as to collide with the motorcycle approaching on its proper side of the road, *held* reasonably susceptible of the inference that automobile driver was guilty of such a conscious and reckless disregard of the rights of the motorcyclist as to warrant submitting the issue of punitive damages to the jury.

Before McIVER, J., Charleston, January, 1922. Affirmed.

Action by J. Frank Oglesby against W. A. Rhea. Judgment for plaintiff and defendant appeals.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellant, cite: *Continuance for absent witness:* 113 S. C., 95. *Nonsuit should have been granted:* 110 S. C. 565. *No evidence warranting punitive damages:* 79 S. C., 211; 74 S. C., 1; 69 S. C., 165; 69 S. C., 453; 54 S. C., 507; 114 S. C., 62. *New trial should be granted where no evidence to support punitive damages:* 105 S. C., 287; 101 S. C., 64; 63 S. C., 467; 66 S. C., 77; 70 S. C., 217; 73 S. C., 192; *Incorrect construction of 1 Civ. Code 1912, Sec. 2157 and Crim. Code 1912, Sec. 617;* 116 S. C., 44; 115 S. C., 497; 108 S. C., 472. *Rule of road:* 124 N. W., 831; 47 N. Y., Supp., 977.

*Messrs. Octavus Cohen* and *Lionel K. Legge,* for respondent, cite: *Continuance properly refused:* 100 S. C., 458. *Testimony of physician as to tuberculosis brought on by accident was proper:* 65 S. C., 440; 94 S. C., 324; 113 S. C., 261. *Nonsuit properly refused:* 109 S. C., 99; 101 S. C., 64; 63 S. C., 559; 111 S. E., 863; 111 S. E., 828. *Care required of driver of automobile:* 96 S. C., 623; 106 S. E., 775; 109 S. C., 343.

April 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for damages on account of personal injuries sustained as the result of a collision between plaintiff's motorcycle and defendant's automobile on the Meeting Street road, north of the City of Charleston. From judgment entered upon a general verdict for plaintiff in the sum of $3,000, the defendant appeals.

On the call of the case for trial the defendant moved for a continuance on the ground of the absence of a material witness, viz., the driver of the defendant's automobile at the time of the collision. Defendant having brought himself within the rule by submitting an affidavit as to what he believed the absent witness would testify, and the plaintiff having agreed to admit that the witness, if present, would testify accordingly, the presiding Judge denied the motion. The appellant's contention (exceptions 1 and 4) that in thus refusing a continuance the Circuit Judge abused his discretion cannot be sustained. It appears from appellant's brief that the trial term was in April, 1922; that the action was commenced in October, 1916, and had been on the calendar for six terms; that it had been continued from term to term at the instance of both parties; that the absent witness, who lived in the City of New York, had resided there at the previous, January, term of the Court, and had then come to Charleston for the trial. In view of

the length of the time the case had been pending, of the fact that defendant had had ample opportunity to procure his witness' deposition, and of plaintiff's agreement to admit that the witness would testify as defendant deposed, we think the absence of valid ground to impeach the Court's exercise of discretion is clearly apparent.

It is contended that the trial Judge committed prejudicial error (exceptions 7 and 8) in that he incorrectly charged and thereby misled the jury as to the statutory law of the road. He charged:

"The law also provides that every man shall drive to the right of the center of the road. That is the law, and if a party fails to observe it and violates it, he does so at the risk that he is liable for any damages that may result on account of his failure to do so. He must drive to the right of the center of the road. Still, if he is driving along the road and finds his way obstructed or by some one going in the same direction, or by some obstruction, or some bad place on the road, he has a right to swerve to the left until he passes that obstruction or obstacle, provided he immediately pulls back to the right of the center of the road so that vehicles may pass."

The error specified is:

"That the law in this state does not require a person at all times to keep to the right of the road, but only requires one to keep to the right of the road to avoid interference with one coming in the opposite direction."

There can be no doubt that the prime object of the keep to the right requirement is to prevent collisions between the vehicles of persons traveling in opposite directions; but it cannot be said that a traveler would owe no duty to observe this requirement as to others who might be lawfully upon the road in certain circumstances, and not at the time traveling in the opposite direction. On the other hand, it is clear, as this Court has held, that the Statute "does not require that

one should at all times stay in the right of the center of the road." *Walker v. Lee,* 115 S. C., 497, 106 S. E., 682; *Sims v. Eleazer,* 116 S. C., 44, 106 S. E., 854; *Smoak v. Martin,* 108 S. C., 472, 94 S. E., 869. In the portion of the charge criticized as an instruction to the contrary we think the Circuit Judge clearly indicated that it was not the absolute duty of a traveler to keep to the right at all times. He illustrated the rule of reason as applied to this requirement by citing circumstances under which a traveler might properly swerve to the left. If open to a criticism—which appellant's exception does not specifically make—that it unduly limited the exceptional circumstances in which one might drive to the left and should have been couched in more general terms, such ground of criticism, as applicable to the facts of this case, is, we think, entirely removed by the additional instructions subsequently given the jury. It is undisputed that the collision occurred on what was for the motorcyclist his right side of the road, as the result of the action of the automobile driver, who had been traveling in the opposite direction, in turning to his left for the purpose of crossing over and entering another road that debouched from what was to the driver of the automobile the left side of the road on which both vehicles were traveling. Conceding, therefore, that the defendant was entitled to have the jury instructed to the effect that a necessary departure from the right side of the road for a legitimate purpose would not in itself constitute a violation of the statutory requirement as to driving on the right, in his general charge the trial Judge said:

"Of course, a man has a right to go from one side of the street to the other, but he must do it under the law, and, if he wants to pass in front of some one approaching he must act as a man of ordinary reason, prudence, and care would act, and look out and see whether it is safe for him to do that."

Subsequently, in response to an inquiry from the jury, the Judge charged:

"If a car wishes to cross from his side towards the other side of the street 'for any purpose, he has a right to do so, provided he exercises such care as a man of ordinary prudence, in keeping the proper outlook so as not to run into another car or be run into, in using that degree of care which a man of ordinary prudence and caution would use under those particular circumstances."

The presiding Judge thus very clearly instructed as to the right of the driver of an automobile to pass from one side of the road to the other, subject only to the applicable standard of due care.

The other portion of the charge to which the appellant takes exception is as follows:

"The law also provides that, where one wants to make a sharp turn or curve, or one who is going over a bridge, or when he is passing into intersecting streets or highways, that he must reduce his speed, stay on his right of the road, and reduce his speed to at least six miles an hour so as to have regard for the safety of any one coming into the street."

The error specified is:

"That said charge was not applicable to the facts of this case, as, under the evidence, there was no curve in the road at the place of the accident, and the law of this state does not require a person, even in turning a curve, to stay on the right side of the road at all times," etc.

Conceding that there was no evidence of "a curve in the road" within the contemplation of the statute requiring a reduction of the speed to six miles an hour, we are unable to perceive how the general instruction complained of could on that account have prejudiced the defendant. Appellant suggests that the trial Judge thereby erroneously identified the "curve" in the road of the statute with the "turn" made

by defendant's driver in crossing to the other side of the road, to the consequent confusion and misleading of the jury. A layman of ordinary common sense and experience would scarcely identify a "curve in the road" with a "turn" made by the driver of a vehicle for the purpose of going out of the road, or mistake the one for the other. As we have seen, the jury were clearly instructed, upon the vital issue of fact in the case, that the right of the driver of an automobile to turn from one side of the road to another for a legitimate purpose was limited only by the law of due care. We are therefore clearly of the opinion that the appellant's burden of establishing prejudicial error in the charge has not been sustained.

The contention (exceptions 5 and 6) that the trial Court erred in not granting the defendant's motions for nonsuit and for a new trial upon the ground that there was no evidence of such willful, wanton, or reckless misconduct as would support a verdict for punitive damages presents a question that is not entirely free from difficulty. The testimony of defendant's driver was to the effect that the automobile was run into by the motorcycle "going 25 to 30 miles an hour"; that "he was driving up the Meeting Street road and was about to turn off to his left to proceed down a lane aforesaid; that he was going slowly, and he would have had plenty of time to have gotten safely by, but that the motorcycle was going at such a high rate of speed that it could not be stopped and collided with the automobile." Testimony adduced by plaintiff tended to establish that the speed of both the motorcycle and of the automobile was about 12 or 13 miles an hour, and that no signal was given by the driver of the automobile of the turn from his right side of the road to left. The evidence is susceptible of the inference that the driver of the automobile saw the motorcycle approaching at a speed no greater than his own, and that without sign or signal he turned his machine so as to collide with the motorcycle approaching on

its proper side of the road. In that view, we think the evidence was reasonably susceptible of the inference that the automobile driver was guilty of such a conscious or reckless disregard of the rights of the approaching cyclist as warranted the trial Judge in submitting the issue to the jury. The point directed to the assignment of error in that regard is therefore overruled.

The remaining exceptions having been properly abandoned, it follows that the judgment of the Circuit Court must be affirmed.