13347

JEFFORDS v. FLORENCE COUNTY

(162 S. E., 574)

*Messrs. Baker & Baker,* for appellant,

16

Mr. *W. S. Houck,* for respondent,

February 10, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

This case bristles with sharp contradictions. The action is brought to recover damages for injuries to his person and damages to his property, which plaintiff alleges he suffered under the following circumstances: It appears from the complaint that the authorities of Florence undertook, in the summer of 1930, the work of widening a portion of the highway in that county leading from the Timmonsville-Darlington highway to Ebenezer; that in this work the county authorities constructed a ditch which ran halfway across the road; that work on this project was discontinued August 31, 1930,

and the ditch left open in the road; that on February 18, 1931, in the nighttime, plaintiff was driving along this highway, in a prudent and careful manner, and, without himself being negligent in any manner, ran into and over this ditch, was thrown through the windshield of his car, in consequence of which he received personal injuries and his car was burned. He asked damages in the sum of $1,000.00.

For answer defendant denied the material allegations of the complaint; it alleged that plaintiff did not drive his car into and over said ditch as he alleged, but that he drove it into a ditch which ran parallel to the public road and at a point thirty-five or forty feet from the ditch into and over which plaintiff claims to have driven, which ditch had been there from time immemorial; that, if plaintiff suffered any damage or injury, it was due entirely to his own negligence.

The case was heard by Judge R. W. Sharkey, of the County Court of Florence, with a jury, and resulted in a verdict for plaintiff in the sum of $477.50.

At the conclusion of all the testimony, defendant asked for a directed verdict in its favor on the grounds set out in the record. This was refused. After the rendition of the verdict, defendant asked for a new trial on the grounds set out in the transcript. This motion was refused. This appeal followed, predicated upon exceptions, eleven in number, which challenge the correctness of the ruling of the presiding Judge which excluded certain testimony which defendant's attorney, on cross-examination, sought to elicit from plaintiff with reference to insurance on his car; for that it was error to refuse the motion for directed verdict and for new trial because the evidence showed that there was not a scintilla of evidence that plaintiff ran his car into and over the ditch, as he claims; that there is not a scintilla of evidence that plaintiff was driving on the right of the center of the road where the law required him to be, for there is not a scintilla of evidence that plaintiff did not in any way bring about his injury by his own act, or negligently contribute thereto; that his

Honor erred in refusing to charge, as requested by defendant, that the negligence of the plaintiff did not have to be the proximate cause of the injury, and that plaintiff could not recover if his injury was in any way brought about by his own negligence, or if he negligently contributed thereto; for that his Honor erred in charging the jury that the plaintiff, in order to recover, must prove that he drove his automobile, or some part thereof, over the ditch; for that it was error to charge that driving on the left side of the road was not negligence, unless it impeded or obstructed traffic or the lawful use of the road by others; for that it was error not to charge that no negligence of the defendant made it liable, unless it was the proximate cause of the injury; that a new trial should have been granted, for that there was no allegation in the complaint which would put defendant on notice that plaintiff would claim damages for the loss of a suit of clothes; and because the jury did not, in estimating damages, consider the wear and tear of the car.

Appellant's counsel, in his brief, treats these exceptions under the head of certain questions. We shall adopt that method of considering them.

Question 1: "Did the trial Judge err in excluding testimony that plaintiff's alleged loss was partially covered by insurance, and that even though his loss was materially decreased by such insurance, yet he still could recover the full alleged value of his property destroyed, the statute authorizing the suit limiting a complaint to his actual loss?"

While plaintiff was under cross-examination by appellant's attorney, it was sought to show that he carried insurance on his automobile which had been paid, and thus his loss was reduced. The jury was excluded and the testimony taken under objection by plaintiff's attorney. The presiding Judge, after considering the question overnight, excluded the evidence. The weight of authority sustains his ruling. Our case of *Farmers' Mercantile Co. v. Seaboard A. L. Ry.*

reported in 102 S. C., 348, 86 S. E., 678, 679, is in point. There a warehouse was burned; the fire being ignited by sparks from an engine of defendant. Suit was brought for $6,500.00. The goods burned were insured for $4,000.00, which was paid. The verdict was for $2,500 in favor of the warehouse company, but the insurance companies which had paid the $4,000.00 for which the burned goods were insured were held subrogated to the rights of the warehouse company, and were authorized to maintain their action therefor against the railway company. Mr. Justice Gage, in delivering the unanimous opinion of the Supreme Court, said:

"The action was primarily one by the Farmers' Company against the defendant for the destruction of its property. It made no difference to the defendant whether the Farmers' Company had insurance or not.

"If the defendant wrongfully burned the Farmers' Company's property worth $6,500.00, the complaint so alleged, and the jury so found, then it was liable therefor, whether the Farmers' Company had insurance or not. The Farmers' Company * * * might not recover the same loss from two obligees.

"The obligation of the defendant to the Farmers' Company was primary.

"The obligation of the Insurance Company to the Farmers' Company was secondary.

"The defendant therefore was not interested in whether the insurance company was obliged to pay or not; that circumstance could not decrease or affect its liability to the Farmers' Company."

In the present case the record shows that insurance was carried by the people who sold the car to the plaintiff; they got the insurance, he got none of it. Moreover, this action was for the loss of the car, other personal property, and personal injuries to plaintiff. The recovery does not show that plaintiff is recovering the same loss from two obligees.

"There appears to be no dissent among the Courts from the view that the receipt of money on an accident insurance policy, by one who has suffered a personal injury, *does not preclude a recovery, or lessen the amount recoverable,* from the person who is responsible for the injury." (Italics added.) 18 A. L. R., 683.

This significant language was uttered by the Supreme Court of North Carolina in the case of *Hammond v. Schiff,* 100 N. C., 161, 6 S. E., 753, 761. "The Court refused to entertain an inquiry into insurances effected on the property by the plaintiffs as foreign to the purposes of the present suit. Thus it has been held that, in an action to recover damages for an injury to the plaintiff's ship, no reduction could be made on the ground that he had recovered from the insurers." *Wood's Mayne Dam.,* 155, 156; citing *Yates v. Whyte,* 4 Bing. N. C., 272; *Bradburn v. Railway Co.,* L. R., 10 Exch., 1; 44 Law J. Exch., 9. The reason given for which is that to allow such diminution would be to permit the wrongdoer to pay nothing, and take all the benefit of a policy of insurance without payment of a premium.

Appellant contends that the evidence excluded was competent because the statute under which the action was brought limits plaintiff's recovery to actual damages, and that, by deducting the amount paid by the insurance company, the amount of actual damages suffered by plaintiff is ascertained. We do not think the term "actual damages" employed by the statute may be construed in that sense. We think it was used in contradistinction to punitive damages.

There was no error in excluding this evidence.

Question 2: "Did the trial Judge err in refusing to direct a verdict in favor of the defendant when under the plaintiff's own testimony he was traveling to the left of the centre of the road, whereas if he had been traveling to the right as directed by the Statute, the injury would not have occurred, the suit being against the County and it being necessary for plaintiff to show that he was free

from negligence or carelessness. And there being no evidence that plaintiff's car ran into or over the ditch referred to in the Complaint?"

It does not appear that plaintiff conceded that he was traveling to the left of the center of the road. He does admit that he was traveling to the left of the center of the road as it stood before it was widened, but he testifies that he was traveling to the right of the center, or in the middle of the road as it stands since it was widened. True, it appears that the road was not widened beyond the ditch into and over which plaintiff alleges he drove, but there is evidence to show that the new part of the road was apparently open for travel. But, if it be conceded that he was traveling to the left of the center of the road, that fact alone cannot have the effect for which defendant contends, unless it is made to appear that he was thereby obstructing the passage of any other person, carriage, animal, or thing on the other side of the center thereof. See Section 3111, Vol. 3, Code 1922. Moreover, plaintiff testified that he ran into the end of the ditch where it extended into the end of the road. In the face of this testimony, the Court could not direct a verdict for defendant. There was other testimony of plaintiff and of other witnesses which made it the duty of the Court to send the case to the jury on this issue. In the case of *Walker v. Lee,* 115 S. C., 495, 106 S. E.; 682, Mr. Justice Watts later Chief Justice), said this: "A proper construction of the statutes does not require that one should at all times stay in the right of the center of the road, but it means that a party must take the right when he is meeting one, so as to give the party coming from the opposite direction his right of way unobstructed. A party has a right to travel on either side of the road, provided no one is coming from the opposite direction, and provided he is not obstructing the passage of any other person."

The case of *Oglesby v. Rhea,* 124 S. C., 57, 117 S. E., 303, affirms the ruling above cited. See, also, *Sims v. Eleazer,*

116 S. C., 44, 106 S. E., 854, 857, 24 A. L. R., 1293; *Smoak v. Martin,* 108 S. C., 472, 94 S. E., 869.

Let us continue the discussion in connection with Question 3, which is as follows: "Did the trial Judge err in his charge on the law of contributory negligence, or the negligence which would defeat a plaintiff's recovery against a County?"

The gist of defendant's contention is that it was not necessary to show that plaintiff was guilty of such negligence as was the immediate, proximate or moving cause of the injury, but, if such negligence in any wise contributed thereto, the plaintiff cannot recover. The argument is predicated upon the fact, as defendant contends, that, it having been shown that plaintiff was traveling on the left of the center of the road, he was guilty of negligence *per se* because he did so in violation of the provisions of the statute, and that negligence, if it contributed in any way to his injury, would defeat his recovery. In other words, it was not necessary for defendant to show that such negligence *per se* was the proximate cause, or contributed as a proximate cause to the injury.

In *Cirsosky v. Smathers,* 128 S. C., 363, 364, 122 S. E., 864, 866, this Court in an opinion concurred in by Messrs. Justice Watts, Fraser, and Marion held that: "The violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, is abundantly shown by the authorities and sustained by common sense and justice."

The opinion then cites: "Although the violation of a statute is held to be negligence *per se,* there must be a causal relation between such act and the injury to render the defendant liable, and such violation must be the proximate cause of the injury." 29 C. J., 439.

Further: "*Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134, was a case of exactly the same character as the case at bar. It was held that the operation of a car by a minor in

violation of the statute was negligence *per se,* but the Court. added:

" 'It does not follow, however, that the defendant is liable in damages, for the plaintiff must go further and satisfy the jury by a preponderance of the evidence of the facts that such negligence was the proximate cause of the death of the child.' "

Again: "In 20 R. C. L., 43, it is said: 'Although the violation of a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury which must be shown in the pleadings and by the proof, or the action fails.' "

There are other. pertinent citations in the case fortified by ample authorities.

In *Townsend v. State Highway Department,* 156 S. C., 545, 153 S. E., 572, 573, this occurs: "The third exception is as to the refusal of the Circuit Judge to charge the law which requires a person before entering or crossing an express highway * * * to bring his vehicle to a full and complete stop. * * * This is the plain mandate of the law, and the Circuit Judge should have given the charge requested. The question as to. whether or not such failure to obey the law was the proximate cause of the injury and the damage resulting therefrom, of course, was a question of fact for the jury, but the defendant was entitled to this instruction with the additional instruction as to proximate cause"—citing *Cirsosky v. Smathers, supra,* and *Whaley v. Ostendorff,* 90 S. C., 281, 73 S. E., 186.

The latest utterance of this Court on this subject is found in the case of *Mullis v. Pinnacle Flour & Feed Co.,* 161 S. C., 113, 159 S. E., 509, 512. The Circuit Judge had granted a nonsuit on the ground that plaintiff had violated the statute by not bringing his automobile to a rate of speed not exceeding six miles an hour. This Court said: "In our opinion the trial Judge erred in granting a nonsuit. The failure of the plaintiff to comply with the provisions of the section of

the Code under consideration, if he did fail to comply there-with, may or may not have been the proximate cause of the collision and plaintiff's alleged injury and subsequent dam-age. It must be kept in mind that the cardinal issue in the case is the proximate cause of the collision. * * *"

Defendant's exceptions hereabout cannot be sustained. This conclusion disposes of the issue stated in Question 5.

Question 4: "Did the trial Judge err in his charge as to what is necessary for plaintiff to prove?"

The issue here presented concerns the charge of the Judge that, in order to recover, the plaintiff must prove that he ran his car or some part thereof into or over the ditch in controversy, or some part thereof. Defendant complains that under this charge the jury was warranted to find for plaintiff if he had driven his car near enough to the ditch so that his mudguard or running board extended over the ditch. A sharp issue was made by the evidence whether plaintiff's car ac-tually went into or over the ditch. There was evidence, pro and con, whether the car, when it hit the bump, or high place near the ditch, and jumped up, could have jumped over the ditch. The jury could hardly have misunderstood the charge in the light of this evidence. Moreover, the jury viewed the premises; they could easily see that the mere passage of the mudguard over the edge of the mouth of the ditch could not have resulted in the injuries to plaintiff's car. The exception is without merit.

Exception 10 charges error to the trial Judge, for that he did not specifically define proximate cause.

Defendant's counsel did not ask for such charge, al-though the Court at the conclusion of the charge asked coun-sel if there was anything further, to which counsel answered "No." The authorities cited in respondent's brief, and others which might be cited, show that the rule is established in this jurisdiction that: "If appellant desired any further instruc-tions than were given by the Circuit Judge, he should have requested such instructions at trial, as required by law."

Question 6: "Did the Trial Judge err in refusing to grant a new trial?"

The issues made by this question have hereinabove been considered, except that which suggests that the verdict is not supported by the evidence, for that the jury did not allow for the wear and tear of the automobile for the three months plaintiff had used it. And that plaintiff was allowed to introduce evidence of the loss of a suit of clothes.

It is sufficient to say as to the first issue that the verdict was a general one; that there is no way of ascertaining how much of it was allowed for injury to the car, how much for personal injuries, how much for loss of or injury to a suit of clothes. There is no way of telling whether or not the jury considered the wear and tear on the car or the loss of the suit of clothes. The complaint alleges that plaintiff suffered damages "to his person and property." True, he does not specify the suit of clothes, but he testifies that he was thrown through the windshield and that his clothes were ruined.

In the case of *Farley v. Basket & Veneer Co.*, 51 S. C., 222, 28 S. E., 193, 194, 401, plaintiff's allegation of the nature of his damages was that he "suffered great and grievous and long-continued bodily pain, is permanently injured * * * and prevented from pursuing his usual calling * * * and otherwise hurt and injured." There was a verdict for plaintiff. One of the exceptions on appeal was that it was error to instruct the jury "that, in fixing plaintiff's compensation * * * they could * * * include 'medical expenses,' there being * * * no testimony whatever of any medical expenses." We may add that there was in the complaint no allegation of medical expenses as an element of damages.

The Court said: "There was testimony to the effect that the plaintiff employed physicians, who rendered him professional services, for which the law implied a liability on his part for reasonable compensation."

There is testimony in this case that plaintiff was thrown through the windshield of his car into or over a ditch. It is a fair inference that his suit of clothes was not left in condition to be worn to church or to a party. He asks for compensation for injuries to his person and damages to his property. Clothes are property.

All objections are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. J. HENRY JOHNSON, Circuit Judge, concur.

MR. J. HENRY JOHNSON (Circuit Judge) : I concur; and, with reference to Question 3 (Exceptions 5 and 6), take the liberty of supplementing the authorities cited by Mr. Justice Bonham in his disposition of this particular issue with the cases of *Duncan v. Greenville County,* 73 S. C., 254, 53 S. E., 367; *Cooper v. Richland County,* 76 S. C., 202, 56 S. E., 958, 10 L. R. A. (N. S.), 799, 121 Am. St. Rep., 946. These cases hold that the statute in question provides two contingencies which prevent recovery by plaintiff, viz.: (1) If the injury was in any way brought by his own act, (2) if he negligently "contributed" thereto; but that, in either event, plaintiff's act or negligence must have been the "proximate cause" of the injury to bar recovery, and that "contributed," as that term is used in the statute, means contributed as a "proximate cause" to the injury or damage complained of.