15952

**BROWN v. SMITH**
(42 S. E. (2d) 883)

*Messrs. Price & Poag,* of Greenville, for Appellant, cite:

*Messrs. Mann & Arnold,* of Greenville, for Respondent, cite:

May 29, 1947.

BAKER, CJ.: This action was bottomed on a bailment for mutual benefit. The undisputed facts are that the respondent left his automobile with the appellant, who operates a filling station, to be washed and greased. The appellant personally drove the automobile on the wash rack, leaving the ignition key therein, and directed a young man about whom he knew little, but who had been in his employ solely as a car washer for about two weeks, to wash the same. While the appellant was out for lunch, and his assistant in charge of the filling station in his absence was otherwise engaged, the car washer, employee of the appellant as aforesaid, drove the automobile from the wash rack and upon the highways of this State and wrecked it, the damage thereto amounting to $657.14. The car washer employee of the appellant had never been permitted to drive automobiles on or off the wash rack, but as aforestated, his sole duty was to wash cars when placed on the rack, and for this purpose he was given the possession of the respondent's automobile by the appellant.

In the light of the foregoing undisputed facts, and the opinion of this Court in *Powell v. A. K. Brown Motor Co.*, 200 S. C. 75, 20 S. E. (2d) 636 (the facts of which case being almost on all-fours with those of the instant case), the trial Judge granted the motion of the respondent (plaintiff) for a direction of verdict for the amount of the damages to his automobile; and in so doing we find no error. The opinion of this Court in *Kelley v. Capital Motors, Inc.*, 204 S. C. 304, 28 S. E. (2d) 836, is not in conflict with the holding in *Powell v. A. K. Brown Motor Co., supra,* under the facts of these respective cases; nor is it in conflict with the conclusion herein reached.

Of course, a bailee is not an absolute insurer of the property of a bailor left in his possession, and this Court has never so held.

An additional issue is raised by this appeal, to wit, that the trial Judge erred in excluding testimony that the respondent carried theft insurance on his automobile and had been fully indemnified by his insurance carrier for the damages to his car. We state, parenthetically, that while the jury was excluded it was admitted that the respondent (plaintiff) had theft insurance; that he had been paid by the insurance company, and had executed a loan receipt to said company similar to the one appearing in the case of *Phillips v. Clifton Mfg. Co. et al.*, 204 S. C. 496, 30 S. E. (2d) 146, 157 A. L. R. 1255. We further state, parenthetically, that the answer of the appellant (defendant) did not raise the question that the action was not prosecuted by the real party in interest, nor following the foregoing admission did the appellant make a motion to be allowed to amend his answer to so plead.

The cases of *Jeffords v. Florence County*, 165 S. C. 15, 162 S. E. 574, 81 A. L. R. 313, and *Phillips v. Clifton Mfg. Co.*, *supra*, definitely settle that it was not error for the trial Judge to exclude this testimony.

The exceptions are overruled and the judgment is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, J.J. concur.