## 12930

### TOWNSEND v. STATE HIGHWAY DEPARTMENT

(153 S. E., 572)

*Messrs. John M. Daniel, Attorney General, Cordie Page and J. Ivey Humphrey, Assistant Attorneys General,* and *W. L. Daniel,* for appellant,

*Messrs. W. H. Nicholson* and *R. F. Davis,* for respondent,

May 30, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

This is an action for damages on the part of J. R. Townsend, plaintiff, against State Highway Department of South Carolina, defendant, for personal injuries to himself and for property damage to his automobile, alleged to have been suffered through the mismanagement and negligence of the defendant, State Highway Department. The plaintiff, while operating his automobile along the Hodges-Cokesbury highway, a county highway of Greenwood County, at the intersection of said highway with State Highway No. 25, which is the main highway between Greenwood and Greenville,

drove his car into an unmarked washout, from which he claims the injuries to his person and to his property were caused. The case was tried in November, 1929, in the Court of Common Pleas for Greenwood County, and resulted in a verdict in favor of the plaintiff for $950.00 personal injury damage and $50.00 property damage.

The action was brought by the plaintiff under and by virtue of the terms of an Act of the General Assembly, 1928, page 205, 35 Statutes at Large, which lays down the terms, conditions and limitations under which a person is permitted to sue the Highway Department, a branch of the State government. The Act, in the first section, among other things, provides that the amount of recovery in case of personal injury or death, shall not exceed the sum of $4,000.00 and property damage shall not exceed the sum of $1,500.00. The second section of the Act provides that the person, firm or corporation bringing the suit against the State Highway Department must allege and prove that he, she, or it did not bring about the injury by his, her or its own negligence, nor negligently contribute thereto. There is a proviso that the terms of the Act shall not apply where the State Highway Department is protected by an indemnity bond. The third section of the Act provides for the method of filing a claim and also limits the time for the bringing of the suit thereunder. It must be kept in mind in the consideration of this matter that the plaintiff brought his action under this Act and that all of the terms and conditions of the Act are pertinent to this inquiry, and are made the sole conditions upon which the suit can be maintained.

There are four exceptions by the appellant to the rulings of the Circuit Judge. The first two exceptions refer to his charge with reference to the question of eminent domain. There was a question in the case as to whether or not the washout was actually within the right-of-way of Highway No. 25. This issue was vital for the reason that if it was not within the limits of State Highway No. 25,

but was within the limits of the Hodges-Cokesbury road, the County of Greenwood and not the State Highway Department would have been legally responsible. The question of the extent of the right-of-way of the State Highway Department and its power to condemn for the purpose of securing this right-of-way was a vital issue in the cause, and the Circuit Judge not only properly charged the law as to this, but it was his duty to do so under the issue presented.

The third exception is to the refusal of the Circuit Judge to charge the law which requires a person, before entering or crossing an express highway, which admittedly Highway No. 25 is, to bring his vehicle to a full and complete stop. This mandate of the law is found in the Acts of 1924, page 1182, as amended in the Acts of 1928, page 1315, and requires the State Highway Department to place conspicuous signs upon every public or private road merging into or crossing an express highway, warning the vehicles that they are approaching such highway and that they are required to come to a full and complete stop before entering or crossing the same. According to plaintiff's admission, this was done.

This is the plain mandate of the law, and the Circuit Judge should have given the charge requested. The question as to whether or not such failure to obey the law was the proximate cause of the injury and the damage resulting therefrom, of course, was a question of fact for the jury, but the defendant was entitled to this instruction with the additional instruction as to proximate cause. *Cirsosky v. Smathers,* 128 S. C., 358, 122 S. E., 864; *Whaley v. Ostendorff,* 90 S. C., 281, 73 S. E., 186.

The fourth exception complains of error in the Circuit Judge refusing to charge Section 582, Vol. 2, Code of Laws 1922. This section was also applicable because, although the statute above quoted places the duty upon the person entering the express highway to come to a complete stop, it does not remove the duty imposed upon a person to reduce the speed of the said vehicle to a rate below

six miles an hour in traversing such crossing. The Circuit Judge should have also charged this section of the criminal statutes.

Of course, the question of proximate cause, as applied to this section, would also be a question for the jury under the cases cited above.

This Court cannot say what effect the failure to charge these two sections had upon the trial of the case. The defendant was entitled to have such instructions as a matter of law.

The judgment of this Court is that the judgment appealed from is reversed, for the reasons above set forth, and the case is remanded for a new trial.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.