12941

THOMAS v. SEABOARD AIR LINE RAILWAY CO.

(154 S. E., 97)

*Mr. Andrew J. Bethea,* for appellant,

*Mr. J. B. S. Lyles,* for respondent,

June 26, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Clifford R. Thomas, as plaintiff, against the defendant, Seaboard Air Line Railway, was commenced in the Court of Common Pleas for Richland County, July 2, 1928, for damages against the defendant in the sum of $25,000, for injuries received by the plaintiff to his person and property February 13, 1928, alleged, in substance, to have been caused by the willful, wanton, careless, and negligent failure of the defendant to construct and maintain a safe, sound, and nonhazardous overhead bridge (constructed and maintained by the defendant) over its railroad track on the "Two Notch" highway road, about ten or twelve miles from the city of Columbia, S. C.; one of the principle allegations of negligence being the willful, wanton, reckless, careless, and negligent failure to have, keep, and maintain safe, sound, and suitable guard rails on and over the said bridge, so as to make the said bridge suitable and safe for the plaintiff and others traveling over the same; that such failure and wrongful acts on the part of the defendant caused the plaintiff's automobile in which he was riding over said bridge to fall from the same and "into the deep and dangerous cut below," completely wrecking the same and seriously and permanently injuring plaintiff.

The defendant interposed a general denial, and further alleged that the plaintiff, at the time of his alleged injury, with three friends "was proceeding on the joint purpose and common enterprise of a non-stop record-breaking automobile trip to Florida, and that as said car came around a curve to the bridge it was being driven at a high, reckless and unlawful rate of speed, in disregard of a sign warning of the curve and apparent danger from falling rain and the wet condition of the roadway, and, notwithstanding same, said car was driven on said bridge at a high and reckless rate of speed, as a result of which said car skidded or was driven and crashed through the adequate railing and side guard of said bridge at such a rapid speed as to jump entirely across the railroad below; that in so doing and

failing to do plaintiff and the driver of said car were guilty of negligence, recklessness, willfulness and wantonness, in all of which plaintiff participated and concurred and all of which is chargeable and imputable to plaintiff, which, combining and concurring with any negligence or wrongful act on the part of defendant, if any, contributed to the plaintiff's injury and damage, and as a proximate cause thereof, without which the same would not have occurred."

Issues being joined, the case was tried at the February, 1929, term of said Court, before his Honor, Judge T. J. Mauldin, and a jury. At the close of the testimony introduced in behalf of the plaintiff, the defendant, by its counsel, made a motion for a non-suit, which motion his Honor, the presiding Judge, granted. From the order of non-suit and the order refusing plaintiff's motion for a new trial, the plaintiff has appealed to this Court. The exceptions raise the questions we shall consider.

The defendant's motion was based upon the following grounds:

"1. As to the cause of action for willfulness upon the ground that there was no evidence to sustain such cause of action.

"2. Upon the whole case, upon the ground that there is no evidence of actionable negligence in that:

"(a) There is no evidence of any breach of a legal duty owed by defendant to plaintiff.

"(b) That the only inference from the evidence is that the wreck and the resulting injuries to plaintiff were solely and proximately caused by the negligence of the driver of the automobile.

"3. That the only inference from the testimony is that the driver of the automobile was guilty of contributory negligence and that the negligence of the driver is imputable to plaintiff and bars any recovery by plaintiff, because he concurred in such negligence and because plaintiff and the

driver were engaged in a joint adventure and common purpose, which included the driving of the automobile.

"4. That the only inference from the testimony is that plaintiff is barred by his own contributory negligence."

The transcript of record does not contain any part of the testimony given at the trial or a statement of the same, and therefore, in our consideration of the questions raised by the exceptions involving the facts, we must necessarily be guided solely by the inferences drawn from the testimony by the presiding Judge.

In passing upon defendant's motion for a nonsuit and during the consideration of the same, his Honor, the presiding Judge, made use of the following language: "Now, outside of any evidence of contributory negligence on the part of the plaintiff there was evidence or is evidence to send this case to the jury, but when you take the testimony of the plaintiff himself and the testimony offered by all of plaintiff's witnesses, if I recall, was to the effect that that car was proceeding as it approached that bridge somewhere from twenty-five to thirty miles an hour." His Honor then referred to the statutory law of this state (Section 582, Criminal Code 1922), which provides that in approaching a bridge, such as the bridge in question, in an automobile the rate of speed must not exceed six miles per hour, and his Honor reached the conclusion from the testimony in the case that the only reasonable inference to be drawn therefrom was that the alleged injury to plaintiff's person and property was caused by the violation of the speed of this state, at the said time and place, and except for such violation of the law the injury and damage to the plaintiff would not have occurred; that by the violation of the law of this state governing the speed of automobiles in approaching the bridge in question the plaintiff was guilty of negligence as a matter of law; and, further, from the testimony in the case his Honor reached the conclusion that, at the said time and place, the

plaintiff was guilty of recklessness as well as simple negligence. Whether his Honor, the trial Judge, drew the correct inference from the testimony. we are unable to say, for the reason that the transcript of record does not contain the testimony adduced at the trial or a statement of the same. It may be that this Court would have viewed the testimony in a different light, but since the testimony is not before us, we cannot say, and therefore cannot hold that his Honor reached the wrong conclusion.

As to the contention of appellant that Section 582 of the Criminal Code has been repealed, we cannot agree with that position, and in view of the opinion in the recent case of *Townsend v. State Highway Dept.* 156 S. C., 541, 153 S. E., 572, construing and upholding the provisions of said section of the Code, we consider it unnecessary to enter into a discussion of that question at this time. As to the wisdom of the law involved, that is a matter for our legislative body to determine.

In regard to the question attempted to be raised with reference to the refusal of the presiding Judge to permit the introduction of testimony, we deem it sufficient to state that the transcript of record does not disclose any facts or grounds upon which the exception attempting to raise such questions can be supported or predicated.

The exceptions are overruled, and the order appealed from affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.

MR. CHIEF JUSTICE WATTS did not participate.