13158

JONES v. CARPENTER *ET AL.*

(158 S. E., 823)

September, 1930.

*Messrs. Hodges & Leatherwood* and *Townes & Wells,* for appellants,

*Messrs. H. P. Burbage* and *Epps & Cothran,* for respondent,

May 27, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Greenville County, December 21, 1929, by J. V. Jones, plaintiff, against Wm. Carpenter, a minor over fourteen years of age, and L. D. Allison, defendants, is an action for the recovery of damages against the defendants in the sum of $5,000.00 for alleged injuries sustained in an automobile collision caused, according to plaintiff's allegations, by the negligence, carelessness, and willfulness of defendants on a public thoroughfare and highway in Greenville County. The defendant, Wm. Carpenter, by his guardian *ad litem* answering the complaint, interposed a general denial to the material allegations, and also set up the plea of contributory negligence. The defendant, Allison, in his answer to the plaintiff's complaint interposed similar defenses to those contained in the answer of his codefendant, and, in addition, set up a counterclaim against the plaintiff alleging that the collision in question was caused by the "gross negligence and carelessness on the part of the plaintiff in the operation of his car," and alleged that as a result of said acts on the part of the plaintiff this defendant, Allison, sustained actual and punitive damages in the sum of $5,000.00. The case was tried at the September, 1930, term of said Court before his Honor, Judge E. C. Dennis and a jury, resulting in a verdict for the plaintiff against both of the defendants for the sum of $400.00 actual damages and $200.00 punitive dam-

ages. From the entry of judgment on the verdict, the defendants have appealed to this Court.

In their allegations of error imputed to the trial Judge the appellants present five exceptions, but at the hearing before this Court all of the exceptions were abandoned except the third and fourth. In the third exception appellants impute error as follows: "Error in not granting a new trial upon the ground 'That his Honor erred in charging the jury that it was a violation of the law of this State to drive a motor vehicle on a sharp curve in a highway at a greater rate of speed than six miles per hour' said statement no longer representing the law applicable to the highways of this State."

This exception is overruled under the authority of the recent case of *Townsend v. State Highway Department,* 156 S. C., 541, 153 S. E., 572, and authorities therein cited. See, also, the case of *Thomas v. Seaboard Air Line Railway Co.,* 157 S. C., 144, 154 S. E., 97.

The allegation of error imputed to the trial Judge in the fourth exception is as follows: "Error in not granting a new trial upon the ground that his Honor erred in charging the jury as follows: 'That the violation of the Criminal Statute which is designed to promote the safety of travel upon public highways of this State constitute negligence *per se,* and *if an injury to person or property results from such violation,* there is presumption of law that such violation is the proximate cause of the injury,' when he should have charged the jury that the violation of a statute does not raise a presumption of law, that such violation is the proximate cause of the injury, but that it is a question of fact for the jury to determine as to whether or not such violation was the proximate cause of the injury."

This language by the trial Judge, to which appellants object, was used by his Honor in the course of his remarks when the jury was called from the jury room for the purpose of giving them additional instructions. At that time the Judge charged the jury as follows:

"My attention has been called to the fact that I did not charge you certain propositions of law and I will do so now. 'The jury is instructed that the violation of a Criminal Statute which is designed to promote the safety of travel upon the public highways of this State, constitutes negligence *per se;* and if an injury to person or property results from such violation, there is a presumption of law that such violation is the proximate cause of the injury; whatever questions are involved in the statement of the principle being left to the jury.'

"I further instruct you when all the evidence is in that the evidence may show that the presumption is not well founded and after all it comes a question of what the evidence shows you."

According to our view the appellants were in no way prejudiced by the use of the language complained of, and, further, after considering the charge as a whole, it is our opinion that his Honor's instructions to the jury were as favorable to the appellants as they could have asked for, and that they have no just ground for complaint.

For a full discussion of the law applicable to the issues involved in the case at bar, see the cases cited above. *Townsend v. State Highway Department, supra,* and *Thomas v. Seaboard Air Line Railway Co., supra.*

The exceptions must be overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER, and BONHAM concur.

MR. JUSTICE COTHRAN (concurring) : The italicized phrase in the charge saves it from error. .