13197

MULLIS v. PINNACLE FLOUR & FEED CO.

(159 S. E., 509)

114

*Messrs. P. ·D. Barron, John K. Hamblin* and *James Y. Perry,* for appellants,

*Mr. C. T. Graydon,* for respondent.

July 8, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by G. L. Mullis, plaintiff, against the defendant, Pinnacle Flour & Feed Company, commenced in the Court of Common Pleas for Richland County, in the year 1929, is for the recovery of damages against the defendant in the sum of $2,500.00, alleged to have been sustained on account of a collision of the plaintiff's automobile with a truck alleged to have been owned and operated by the defendant; the damages sought being for personal injury the plaintiff sustained and for damage to his automobile. The defendant having demurred to the complaint, the matter of the demurrer was heard before his Honor, Judge W. H. Townsend, who issued an order overruling the demurrer and, on appeal to this Court, the order of his Honor, Judge Townsend, was sustained. 152 S. C., 239, 149 S. E., 329. Thereafter, the defendant filed an answer in the cause and the case was tried before his Honor, Judge S. W. G. Shipp, and a jury, at the fall, 1929, term of said Court. At the conclusion of the testimony offered on the part of the plaintiff, his Honor, the trial Judge, on motion of the defendant, granted a nonsuit. From the order of nonsuit, the plaintiff has appealed to this Court.

In passing upon the defendant's motion for a nonsuit, his Honor, the trial Judge, made this ruling: "The Court: The law says when you come to a steep curve or down a hill you cannot run over six miles an hour and I will grant the non-suit. I do not grant the non-suit on the grounds of

sudden emergency or on the ground that the people are not responsible for the car, as it was borrowed, for in other words, if they were running the car they would be responsible for it. But I can't escape the fact that the plaintiff himself says he wasn't running at six miles an hour and that the plaintiff saw the car in ample time to avoid the injury, if by complying with the law, he had been running at six miles an hour, as the law requires him to do. The non-suit is granted."

As contended by appellant, the sole question involved in the appeal is whether the trial Judge was in error in granting defendant's motion for a nonsuit upon the ground that the plaintiff, at the time and place of the collision, was operating his automobile at a rate of speed in excess of six miles per hour.

For the purpose of a clear understanding of the case, we quote herewith the plaintiff's complaint as amended:

### COMPLAINT

"1. That at the time hereinafter mentioned the defendant, Pinnacle Flour & Feed Company, was, and now is, a corporation duly organized and chartered under and by virtue of the laws of the State of South Carolina, and having its principal place of business in the City of Columbia, County of Richland, and State aforesaid.

"2. That on or about the 10th day of April, 1928, plaintiff was on his way from Buffalo, South Carolina, to Columbia, South Carolina, and just out of Little Mountain, South Carolina, on the public highway in Newberry County. Plaintiff was going over a hill, and the defendant was in charge of a truck which truck was out of repair and had stopped by the defendant at or near the center of the highway, and while plaintiff was approaching said defendant's truck, which defendant was operating in the scope of its work, the plaintiff met another car approaching from another direction, and plaintiff's car and the said other car, ran and operated

by L. P. Gear, the plaintiff's car was caused to run into the truck in which the defendant was running. That as a result of said collision, plaintiff's car was greatly damaged as well as plaintiff's shoulder and plaintiff was otherwise injured in both body and mind.

"3. That the damage to plaintiff's car and to the plaintiff himself was directly due to and proximately caused by the negligence and wilfulness of the defendant in the following particulars:

"(a) In that the defendant stopped said car in the center of the highway, when it should have run said car to the right of the highway and gotten it off the highway, where automobiles and other traffic are constantly going backwards and forwards.

"(b) In failing to have some danger signal or flag on top of the hill from the way in which plaintiff was approaching in order to notify or warn the plaintiff of the danger, as aforesaid, knowing that the hill was steep and sharp and hid the said truck in the road from the view of an approaching automobilist.

"(c) In stopping the said car and parking same in the middle of the road on a sharp and steep hill, knowing that the same was obscure from the view of the traveling public and of the plaintiff.

"4. That by reason of the negligence and willfulness of the defendant, plaintiff has been damaged in the sum of Twenty-five hundred ($2,500.00) Dollars, for which plaintiff asks judgment and costs."

In its answer the defendant interposed the following defenses:

"For a first defense:

"1. That it admits the allegations in paragraph 1.

"2. That it denies each and every other allegation in said complaint contained.

"For a second defense:

"1. That said injury and damage to the plaintiff's person and property as aforesaid was caused by the negligence,

carelessness, recklessness, wilfulness, and wantonness of the plaintiff in operating his automobile at said time and place at a rate of speed in excess of that permitted by law and in failing to have said car under proper and adequate control and in operating said automobile in a negligent and reckless fashion; all of which acts contributed as a proximate cause to the injury and damage and that this defendant does plead contributory negligence and contributory carelessness as a cause to this action."

We do not consider it necessary to discuss at length the testimony offered by the plaintiff, but consider it sufficient to state that the testimony adduced by the plaintiff tended to substantiate all of his allegations, as contained in his complaint, set out above, except as to the ownership of the truck in question. However, it clearly appears from the evidence that the truck in question was, at the time of the collision, not only operated by the defendant, through its agents, but used by the defendant in the conduct of its business. It appears from the testimony that the truck was parked in the middle of the road, on the descent of the hill, possibly 30 or 50 feet from the top, which was about one-third of the distance of the incline of the hill, and the plaintiff did not and could not see the truck until he came to the hill and started to descend; whereupon, he discovered the truck in the middle of the road, in, as he stated, a "catecornered" position across the road. While this happened in the daytime, the plaintiff's vision was somewhat obscured on account of the heavy rainfall at the time, and he first thought the truck was moving but immediately found that it was standing still, and at once slowed down and tried to stop his automobile, but on account of being so close to the truck when he discovered it and on account of the wet and slippery condition of the road, caused by the heavy rain at the time, on account of the descent, on account of the curve in the road, and also a deep fill at the place, also on account of another automobile approaching from the opposite direction and trying to pass, and because of the road being blocked by the

truck in question, being parked across the middle of the road, as described above, the plaintiff could not avoid a collision with the truck and the injury alleged resulted therefrom. According to the plaintiff's testimony, and for the purpose of considering the questions before us it must be accepted as true, the plaintiff had no way of getting around the parked truck, and it appears that the collision occurred in spite of all he could do, notwithstanding the fact that he acted as any reasonable and prudent man would have acted under like circumstances and surrounding conditions.

In the course of the plaintiff's testimony he was asked by his counsel to state what rate of speed he was traveling as he approached the hill, and he answered: "I would say thirty or thirty-five miles an hour. Not over thirty-five. I would rather say thirty. I had no speedometer on the car." Again his counsel, referring to the collision, asked the plaintiff this question:

"What rate of speed had you brought your car down to in the meantime? A. I can't say exactly. I brought it down to low gear at once and then applying the service brakes.

"Q. In your opinion what was the rate of speed you were going? A. That would be guess work. I would say ten or twelve miles."

On cross-examination plaintiff's testimony, on this point, was in substance to the same effect as the answers above given. We quote the following questions and answers on re-cross-examination:

"Q. Mr. Mullis, you never did get your car down to as low as six miles an hour? A. I don't know as there is no speedometer on it.

"Q. But you stated it was running thirty or thirty-five miles before you got it down to ten or twelve miles. A. That is my judgment."

It is evident that the plaintiff did not know the exact rate of speed his car was running as he approached the hill in question, nor the rate of speed of his car when he came in

contact with the truck; but he was trying, as best he could, under the exciting experience he had had, to estimate the speed. Interpreting the plaintiff's testimony to mean that he admitted having traveled, at the time and place in question, at a rate of speed in excess of six miles an hour, his Honor, the trial Judge, concluded that the plaintiff had violated the law and, in accordance with what his Honor conceived to be his duty, granted a nonsuit in the case. The statute which the trial Judge had in mind was Section 582, Vol. 2, Code 1922, which reads as follows:

"(582) § 15. *Duty of person operating Motor Vehicle.*— Upon approaching a crossing of intersecting public highways, or a bridge, or a sharp curve, or a steep descent, and also in traversing such crossing, bridge, curve or descent, a person operating a motor vehicle shall have it under control, and operate it at the rate of speed no greater than six miles an hour, and in no event greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

Appellant contends that the six mile an hour statute is not now in force; that the same has been repealed by subsequent legislation. This question was decided adversely to appellant's contention in the recent case of *Townsend v. State Highway Department,* 156 S. C., 541, 153 S. E., 572. Reference was also made to this provision of the law in the case of *Thomas v. Seaboard Airline Railway Co.,* 157 S. C., 144, 154 S. E., 97, 98. In view of the holding in these cases and the discussion of the question in *Townsend v. State Highway Department, supra,* we consider it unnecessary to discuss the question at this time. As to the wisdom of the statutory provision under consideration, we state at this time what we stated in *Thomas v. Seaboard Airline Railway Co., supra,* "that it is a matter for our legislative body to determine." However, it does not follow because this provision of the Code is still of force that a nonsuit was proper in this case. In our opinion the trial Judge erred in granting a

nonsuit. The failure of the plaintiff to comply with the provisions of the section of the Code under consideration, if he did fail to comply therewith, may or may not have been the proximate cause of the collision and plaintiff's alleged injury and subsequent damage. It must be kept in mind that the cardinal issue in the case is the proximate cause of the collision and resultant injury to the plaintiff and his automobile; and, under our view of the testimony, to which reference is made herein, that issue was clearly an issue for the jury. What did the defendant and its agents do to cause the collision in question? Did they block the road at the place in question by parking the truck across the same, and was such act the proximate cause of the collision and resultant injury to the plaintiff and his automobile? These were questions for the jury. See *Townsend v. State Highway Department, supra,* and cases therein cited; *Cirsosky v. Smathers,* 128 S. C., 358, 122 S. E., 864; *Whaley v. Ostendorff,* 90 S. C., 281, 73 S. E., 186.

We have made no reference herein to the defendant's plea of contributory negligence, set up in its answer, because no question as to that defense is raised by the appellant. Of course, what we have said herein in no way precludes the defendant from pressing that defense on a new trial of the case.

It is the judgment of this Court that the order of nonsuit be reversed and the case remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur in result.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE STABLER (concurring in result) : I concur in the result. The jury might have concluded that the defendant's parking its truck upon the highway, in the manner and under the circumstances disclosed by the testimony, was a willful and reckless disregard for the safety of the plaintiff and the traveling public; and the negligence of the plaintiff,

in driving his car at a greater rate of speed than allowed by the statute, would have been no defense as to willfulness or recklessness. For this reason I think there was error in granting the motion for a nonsuit.

MR. CHIEF JUSTICE BLEASE concurs.

MR. JUSTICE COTHRAN (dissenting): I think that the order of his Honor, Judge Shipp, granting the defendant's motion for a nonsuit, should be sustained for two reasons:

1. The plaintiff admits that he was approaching what he knew was a steep decline on a curve, both of which he admits that he could and did see, at a speed of 30 or 35 miles an hour, in express violation of the statute which required him under these circumstances to run at a speed not exceeding 6 miles an hour; he admits, as the Circuit Judge held, that if he had been running at the legal rate of speed he could have stopped in time to have avoided the collision; no other reasonable inference may be drawn from this evidence from the plaintiff himself, than that he was guilty of such contributory negligence as bars a recovery.

2. Counsel for the plaintiff-appellant devotes their entire argument to the contention that the statute regulating the speed of an automobile under the circumstances of this case to six miles an hour is no longer effective, a contention that cannot be sustained under *Thomas v. Seaboard Air Line R. Co.,* 157 S. C., 144, 154 S. E., 97, and *Townsend v. R. Co.,* 156 S. C., 541, 153 S. E., 572; they appear to place sole reliance upon this contention and have not discussed the Circuit Judge's ruling in sustaining the nonsuit except to suggest that he "erred in not submitting the whole case to the jury upon the question of willfulness," to which point the exceptions are limited.