13348

CONEY *ET AL. v.* COX

(162 S. E., 596)

Messrs. *B. A. Moore* and *A. T. Smythe,* for appellant,

Messrs. *T. P. Stoney* and *M. E. Crosland,* for respondents,

February 10, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These cases were heard together on circuit, and by consent of counsel are heard together here.

They sound in tort and grow out of the same occurrence, viz., a collision between the Ford roadster, driven by George R. Coney, Jr., and which was the property of his wife, Clara A. Coney, and a Ford truck, the property of G. Wayne Cox, and driven by his agent and employee, R. M. Rushing.

The allegations of the complaint, summarized, are that plaintiff was driving along Carolina Street in the City of Charleston, traveling from east to west; that he was traveling at a moderate rate of speed; that the Ford truck of the defendant was traveling north on Tracy Street; that as the driver of the Ford roadster, George R. Coney, Jr., was crossing the intersection of Carolina and Tracy Streets,

which are public streets of the City of Charleston, suddenly and without warning a truck owned by the defendant, and operated by his agents and servants in a careless, reckless, willful, and wanton manner, ran into the Ford automobile driven by George R. Coney, Jr., inflicting serious injuries upon the person of George R. Coney, Jr., and doing serious damage to the car. The complaint in each case sets out with circumstantial detail the particulars in which it is alleged the driver of the truck was guilty of negligence and willfulness and wantonness; among these allegations are charges that he operated the truck in a careless and reckless manner at the intersection of two streets in that he failed to give the vehicle approaching from his right the right of way, as required by the traffic ordinances of the city; in that he failed to sound a horn or give any warning of the approach of the truck; in that he operated the truck at a greater rate of speed than that allowed by the ordinances of the city, especially as the ordinances relate to the rate of speed at the intersection of streets.

George R. Coney, Jr., for his personal injuries asked damages in the sum of $20,000.00; Clara A. Coney asked for damages to her car in the sum of $1,000.00.

For answer to each of the complaints defendant admitted the formal parts of the complaints, and admitted that a collision occurred at the time and place stated. He denies all the allegations of negligence, carelessness, recklessness, willfulness, and wantonness. And alleges that the collision was due to the negligence, recklessness, willfulness, and wantonness of George R. Coney, Jr., in driving the Ford roadster into and upon the intersection of Carolina and Tracy Streets at a high rate of speed, without warning and without having the car under control—which conduct of the said George R. Coney, Jr., was the proximate cause of the collision. Further, that in the same manner the collision was caused by the carelessness, recklessness, and willfulness of the said George R. Coney, Jr., which combined with any negligence,

willfulness, and wantonness of plaintiff, if any there was, as a proximate cause of the collision and consequent injuries and damages, and without which they would not have occurred. His specific charges of negligence, willfulness, and wantonness against George R. Coney, Jr., include operating his car on Carolina Street at a greater rate of speed than twenty miles an hour in violation of the traffic ordinances of the city; in traveling at a greater rate of speed at the intersection of the streets than ten miles an hour in violation of the traffic ordinances of the city.

The cases were tried before Judge Mauldin and a jury. At the conclusion of plaintiff's testimony the defendant made a motion for nonsuit on the grounds that the testimony of the plaintiff shows that the plaintiff himself was guilty of contributory negligence which operated as a proximate cause of the accident in that plaintiff violated the ordinances of the City of Charleston and the Criminal Statutes of the State in undertaking to cross the intersection of Carolina and Tracy Streets at a speed greater than ten miles an hour, and such excessive speed contributed to the collision and without which it would not have occurred.

The motion was denied. At the conclusion of all the testimony defendant moved for a directed verdict on the same grounds as those upon which the motion for nonsuit was based, "except that I (defendant's attorney), should have said in making the motion for nonsuit that in the one case we charge the plaintiff himself was guilty of contributory negligence, and in the other we charge that the agent and bailee of the plaintiff owner, who was driving the car as her agent and bailee, was guilty of contributory negligence."

This motion was overruled. The jury found for plaintiff in each case. A motion for new trial in each case was made and refused. The appeal in each case followed, based on two exceptions, to wit:

1. That it was error to refuse the motion for nonsuit because the testimony clearly showed without issue that the

plaintiff had approached the intersection of Tracy and Carolina Streets, and entered the same, at a rate of speed greater than ten miles an hour, in violation of the traffic ordinances of the City of Charleston, this conduct being negligence and willfulness on the part of plaintiff, which contributed to the accident as the proximate and concurring cause thereof.

2. That for the same reason it was error not to grant the motion for directed verdict.

With commendable frankness appellant's counsel say: "We are mindful of the expression of this Court in the cases of *Townsend v. State Highway Department,* 156 S. C., 541, 153 S. E., 572; *Thomas v. Seaboard A. L. Ry. Co.,* 157 S. C., 144, 154 S. E., 97; and *Mullis v. Pinnacle, etc., Co.,* 161 S. C., 113, 159 S. E., 509, which lay down the rule that negligence of this character on the part of plaintiffs will not prevent their recovering unless it was the proximate cause of the collision and the resultant injury to the plaintiff and the automobile, and that if there is any conflict of testimony as to this question it will be left for the jury."

Continuing, they say: "We propose to demonstrate that there is no such conflict of testimony but that on the contrary the evidence will support only one reasonable conclusion, that the excessive rate of speed of the plaintiff's automobile was the proximate cause of the collision and that without such excessive speed the collision would not have occurred."

Further, they say: "No argument is necessary in support of the proposition that had the speed of plaintiff's automobile been different from what it was it could not in the nature of things have been exactly where it was when the defendant's truck crossed the line of its passage, and had plaintiff's automobile been proceeding within the prescribed speed limit it would not have been in front of defendant's truck to receive this blow," etc.

The whole argument proceeds upon the assumption "that the whole testimony clearly shows without issue that plaintiff

had approached the intersection of Tracy and Carolina Streets and entered the same at a rate of speed greater than ten miles an hour."

We do not think such assumption is warranted. Respondents strenuously combat it.

Belle Dublin testified that "the small Ford car was moving slowly going towards Rutledge Avenue."

Mrs. Schlenker testified that she was going east on Carolina Street and met George R. Coney, Jr.; that he stopped his car to let her enter her driveway; that her house was between Tracy and Coming—the next street east of Tracy—seven houses from Tracy. The jury doubtless knew these distances, and it was legitimate for them to infer at what speed plaintiff would have traveled to reach the place at which the collision occurred. Geo. I. Webber testified on direct examination that plaintiff was traveling "from ten to fifteen miles, I judge." On cross-examination he testified that plaintiff was traveling "I could not say, I am telling you what I judge ten or fifteen miles."

In the light of this testimony we do not think that it may be assumed as a matter "without issue" that plaintiff when he approached and entered upon the intersection of Tracy and Carolina Streets was traveling at a greater rate of speed than ten miles an hour, in violation of the traffic ordinances. The presiding Judge was correct in submitting the question to the jury.

If it be admitted that plaintiff was traveling in excess of ten miles an hour in violation of the ordinance, would the Court have been justified in granting any one of the motions for nonsuit, for directed verdict or for new trial? There was testimony that the driver of defendant's truck drove it in and upon the point of intersection of Tracy and Carolina Streets at a rate of speed in excess of the ten miles fixed by the traffic ordinance of the city; that he drove it in a reckless way without having his truck under control; that he disregarded the traffic ordinance

of the city which gave to the Ford car, driven by plaintiff, and which was approaching the intersection of the streets from the right of the driver of the truck and was entitled to the right of way. It might well be that the jury might well have concluded that these, or any one of them, were, or was, the proximate cause of the injury. Assuredly all of the testimony made a question which it was the province of the jury to determine.

■ "That the violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, is abundantly shown by the authorities and sustained by common sense and justice." *Cirsosky v. Smathers,* 128 S. C., 358, 122 S. E., 864, 866.

■ "The question as to whether or not such failure to obey the law was the proximate cause of the injury and the damage resulting therefrom, of course, was a question of fact for the jury." *Townsend v. State Highway Dept.,* 156 S. C., 545, 153 S. E., 572, 573.

Also from the same case: "The third exception is to the refusal of the Circuit Judge to charge the law which requires a person before entering or crossing an express highway * * * to bring his vehicle to a full and complete stop. * * * This is the plain mandate of the law, and the Circuit Judge should have given the charge requested. The question as to whether or not such failure to obey the law was the proximate cause of the injury and the damage resulting therefrom, of course, was a question of fact for the jury, but the defendant was entitled to this instruction with the additional instruction as to proximate cause."

"In our opinion the trial Judge erred in granting a nonsuit. The failure of the plaintiff to comply with the provisions of the section of the Code under consideration, if he did so fail to comply therewith, may or may not have been the proximate cause of the collision and plaintiff's alleged injury and subsequent damage. It must be borne in mind that the cardinal issue in the case is the proximate cause of the collision."

In that case the Circuit Judge had granted a nonsuit because the plaintiff himself testified that he had not brought his automobile to a rate of six miles an hour as the statute required.

It is needless to quote other authorities. This is the settled rule of our Courts.

The exceptions are overruled. The judgment appealed from in each of the cases is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. G. B. GREENE, Circuit Judge, concur.