13477

## READY v. BARNWELL COUNTY

(165 S. E., 676)

*Messrs. Harley & Blatt,* for appellant,

*Messrs. Brown & Bush,* for respondent,

September 21, 1932.

The opinion of the Court was delivered by Mr. Justice Carter.

This action, commenced in the Court of Common Pleas for Barnwell County, July, 1931, by J. F. Ready, as administrator of the estate of Eugene Ready, deceased, plaintiff, against Barnwell County, defendant, is a suit for damages in the sum of $5,000.00 "on account of the pain and suffering and death of the plaintiff's intestate as the result of in-

juries received while he was engaged in driving a motor truck, hauling logs over one of the public roads of Barnwell County and when a bridge collapsed and gave way." The case was heard by Judge W. H. Townsend on demurrer to the complaint, October 5, 1931, at which time his Honor issued an order sustaining the demurrer and dismissing the complaint. From the said order the plaintiff, upon due notice, has appealed to this Court, imputing error to Judge Townsend in sustaining the demurrer.

The grounds of the demurrer were as follows: "That the complaint herein fails to state a cause of action in that it appears upon the face of said complaint that plaintiff's intestate was at the time of the injury which caused his death engaged in hauling logs over one of the public roads of Barnwell County in violation of the statute law of said State and that said unlawful act was the proximate cause of the injury and death of plaintiff's intestate."

In passing upon the demurrer, the Circuit Judge did not, in his order, discuss the issue presented, but simply, in a short order, sustained the demurrer and dismissed the complaint. As we understand the position of respondent, and we assume that his Honor's holding was to the same effect, the injury and death of the plaintiff's intestate was due to his "unlawful act in driving the motor truck loaded with logs upon the bridge in question." To sustain this position that it was unlawful for the plaintiff to drive the motor-truck loaded with logs upon the bridge in question, respondent calls attention to Section 1667 of the Criminal Code of 1932, which reads as follows:

*"Hauling Timber, etc., over Highways of Dillon, Lee, Orangeburg and Barnwell Counties Regulated.*—It shall be unlawful for any person or persons, engaged in the sawmill, lumber, timber or logging business, to haul, convey or transport any logs, timber or lumber on or over any of the public roads or highways of Dillon and Lee and Orangeburg and Barnwell Counties, with any vehicle having less than

four wheels, or to haul, convey or transport any logs, timber or lumber on or over any of the public roads or highways of said counties in any manner, except as hereinafter provided: *Provided,* That the county board of commissioners, in their discretion, may permit, for a definite period of time, the transportation of logs, timber or lumber otherwise than herein provided; the party so transporting such logs, timber or lumber shall be required to file a good and sufficient bond in an amount sufficient to cover the maximum possible damage to the roads, bridges and highways over which such transportation is allowed or permitted, and conditioned to restore the said roads, bridges and highways to their original condition. Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine of not less than five dollars, nor more than one hundred dollars, or by imprisonment for not more than thirty days."

Without first getting permission from the board of county commissioners of Barnwell County, in compliance with the conditions of the above section of the Code, it is clearly a violation of the law to haul logs, in the manner alleged in the plaintiff's complaint, over the road in question in said county, but it does not follow, as a matter of law, that the plaintiff is barred from recovering in this action. It is a generally recognized rule that the violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, in order to hold a person violating such statute for damages thereunder. See the case of *Cirsosky v. Smathers,* 128 S. C., 358, 122 S. E., 864 and authorities therein cited. In this connection we also call attention to the following language used in 29 Cyc., 439: "Although the violation of a statute is held to be negligence *per se,* there must be a causal relation between such act and the injury to render the defendant liable and such violation must be the proximate cause of the injury."

In our opinion, the same rule should apply to the plaintiff's intestate in passing upon the demurrer to the plaintiff's complaint. Unless the failure of the plaintiff's intestate to procure from the board of commissioners of Barnwell County permission to haul logs on the road in question can be shown to have been the proximate cause of the injury in question, or at least a contributing proximate cause thereto, the plaintiff would not be barred from recovering on account of the failure to procure permission as aforesaid; and whether the failure to procure permission to operate the log truck in question over the road referred to was the proximate cause of the injury and death of plaintiff's intestate is ordinarily a question for the jury, and there is no fact alleged in the complaint which would change that rule on passing upon the demurrer. In this connection we call attention to the following recent cases before this Court: *Edwards v. Atlantic Coast Line Railroad Co.,* 148 S. C., 266, 146 S. E., 97; *Cirsosky v. Smathers, supra; Townsend v. State Highway Department,* 156 S. C., 541, 153 S. E., 572; *Mullis v. Pinnacle Flour & Feed Co.,* 161 S. C., 113, 159 S. E., 509, 512; *Godfrey v. Queen City Coach Co.,* 201 N. C., 264, 159 S. E., 412, 413. We quote the following from the opinion in the above-named cases:

"In conductor's action for injuries received at a crossing in collision with train or another railroad, whether conductor's negligence, in violation of Civ. Code 1922, § 4902, in failing to keep proper lookout and in not stopping train on approaching crossing was proximate cause of collision and injuries held for jury." *Edwards v. Atlantic Coast Line R. Co., supra* (from syllabus).

"Assuming, however, that the Seaboard train did not come to a full and complete stop before going upon the crossing, as required by the section of the Code referred to, and that the plaintiff was therefore guilty of negligence *per se,* it does not follow that plaintiff's action would be defeated, unless such failure was the proximate cause of the

plaintiff's injuries or contributed thereto as a proximate cause, combining and concurring with the negligence of the defendants; and whether or not such was the case was, under our view of the testimony in the case, a question for the jury." *Edwards v. Atlantic Coast Line R. Co., supra.*

"In our opinion the trial Judge erred in granting a nonsuit. The failure of the plaintiff to comply with the provisions of the section of the Code under consideration, if he did fail to comply therewith, may or may not have been the proximate cause of the collision and plaintiff's alleged injury and subsequent damage. It must be kept in mind that the cardinal issue in the case is the proximate cause of the collision and resultant injury to the plaintiff and his automobile; and, under our view of the testimony, to which reference is made herein, that issue was clearly an issue for the jury." *Mullis v. Pinnacle Flour & Feed Co., supra.*

"The violation of a statute, intended and designed to prevent injury to persons or property, or the failure to observe a positive safety requirement of the law, is, under a uniform line of decisions, negligence *per se.* * * * And when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of the injury." *Godfrey v. Queen City Coach Co., supra.*

In our opinion, the complaint does not show on its face that the plaintiff's intestate was violating any law at the time of his injury and subsequent death. The failure to allege that he had procured permission from the board of county commissioners to transport logs by means of a truck over the road in question does not necessarily mean that he did not procure such permission. Furthermore, as shown above, whether the failure to procure permission from the board of commissioners to transport logs as aforesaid over the road in question was the proximate cause or a contributing proximate cause to the injury and subsequent death of the plaintiff's intestate is not a

question to be determined on demurrer, but is a question to be determined on the trial of the case, and ordinarily such question is an issue for the jury. As we view the complaint, the same states a cause of action, and the questions brought up on demurrer are matters of defense, and should be determined on the trial of the case.

It is therefore the judgment of this Court that the order sustaining the demurrer be reversed and the case remanded to the lower Court for trial.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and BONHAM concur.