## 15087

### THURSTON v. RAILWAY EXPRESS AGENCY, INC.

(9 S. E. (2d), 34)

*Messrs. Hagood, Rivers & Young,* for appellant,

*Messrs. Logan & Logan* and *Nath. L. Barnwell,* for respondent,

May 13, 1940.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Plaintiff brought action claiming damages, both actual and punitive, which he alleges he suffered when his wife, who was driving his car in the City of Charleston, S. C., turned into Beaufain Street and found it blocked by two large motor trucks, the property of the defendant; that plaintiff's wife waited a period of approximately twelve minutes; that one of the trucks then moved so as to leave a narrow passage between the other truck and the south side of Beaufain Street; that one of defendant's agents, then engaged in unloading the truck, signaled the driver of the car to go ahead; that defendant's other truck had moved only a little way and had its motor running; that in going through the narrow passage thus created, plaintiff's car came in contact with the truck and was damaged; that because of the fact that the motor of the truck was running the driver of the car could not hear the noise of the contact between the car and the truck. The allegations of negligence were parking the truck so as to block the street for an unreasonable length of time, and against the provisions of the ordinance of the city, and inviting the driver of plaintiff's car to pass representing that there was sufficient room safely to pass, when defendant, its agents and servants, knew that there was not sufficient room safely to pass.

The defendant demurred to the complaint on the following grounds: "'That it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action against this defendant in that it appears upon the face of the complaint that the automobile of the plaintiff. ran into and upon a truck of the defendant which was motionless when the driver of the said automobile, the wife and agent of plaintiff, had full and ample opportunity to see whether there was space to pass by the said truck and contributed by her own negligence and recklessness to the damage, if any, as a proximate cause."

Argument on the demurrer was heard by Judge Featherstone, who made an order overruling it, without stating the grounds upon which the order was based.

Defendant appeals upon the following exception: " * * * for the reason that it shows on the face of the complaint that the agent of the plaintiff who was driving plaintiff's car had full opportunity to see whether the car had room to pass the truck of the defendant and failed to exercise ordinary care to avoid the danger of striking the truck * * * ."

Plaintiff alleges that defendant's trucks blocked the street causing the driver of his car to stop, awaiting a passage; that one truck was moved and defendant's agent signaled the driver of the car to pass, which the driver proceeded to do; that the space between the rear of the truck and the south side of the street was so narrow that the car struck the truck and was injured.

The demurrer admits the truth of the allegations of the complaint, then asserts that the driver of the car with the exercise of due care could and should have seen whether there was room for her to pass, and her failure to use such due care makes her guilty of such negligence as bars recovery.

Here is an issue of fact. It is the province of the jury to determine it. The record contains no showing of the conditions surrounding the parties, such as the width of the street, the size of the trucks and of plaintiff's car, as would justify the trial Judge in saying as a matter of law that the driver of plaintiff's car was guilty of such contributory negligence as bars him of recovery.

Judge Featherstone did not err in overruling the demurrer. See *Mullis v. Pinnacle Flour & Seed Company*, 152 S. C., 239, 149 S. E., 329, *Id.*, 161 S. C., 113, 159 S. E., 509; *Montgomery v. National Convoy and Truck Company et al.*, 186 S. C., 167, 195 S. E., 247.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.